## WEST v. STATE OF INDIANA.

[No. 31,117. Filed March 26, 1968. Rehearing denied May 13, 1968.]

*Frank E. Spencer,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, *Lawrence D. Frutkin,* Deputy Attorney General, and *Michael V. Gooch,* Deputy Attorney General, for appellee.

ARTERBURN, J.—The appellant was charged by affidavit with falsely and fraudulently forging and uttering a certain rental agreement purporting to have been executed by one Walton Evans, agreeing to pay rental in the amount of $11.00 per day to Red Cab, Incorporated, a corporation doing business as Avis Rent A Car. A copy of the instrument executed was set out in the charge. The defendant was found guilty by the

court of forgery "as charged," as stated by the appellant in his brief. None of the briefs set out the charge verbatim.

Error is assigned in the overruling of the motion for a new trial, the main contention being that the evidence was insufficient to sustain the finding of guilty in the following particulars, as urged by the appellant in his brief:

1. That there was no evidence to establish that the defendant falsely and fraudulently forged the instrument.

2. That there was no evidence to establish that the defendant entered into or made any rental agreement of any kind agreeing to pay any amount to Red Cab, Incorporated.

3. That there was no evidence that the defendant did anything with intent to secure possession of anything from Red Cab, Incorporated.

4. That there is no evidence which established the defendant intended to defraud Red Cab, Incorporated.

5. That there is no evidence which established that the actions of the defendant, as stated in the affidavit, occurred in Marion County.

With reference to the contention that Red Cab, Incorporated, was not defrauded and the car was not obtained from that corporation or any contract made with it, we point out that the appellant has failed to set out in his brief the affidavit and charge made against the appellant, and we are not compelled to search the record to find exactly what the allegations were with reference to ownership. Suffice it to say, however, that the evidence showed that "Avis Rent A Car is a franchise operation and Red Cab, Incorporated owns the franchise for Indianapolis" and that Red Cab, Incorporated, was the owner of the car involved. An exhibit in the case shows a contract was entered into by the appellant under the name of Walton Evans with Avis Rent A Car through a franchise of Red Cab, Incorporated.

The testimony shows that on September 23, 1966, at the office of Avis Rent A Car, a franchise of Red Cab, Incorporated,

a rental contract was executed by the appellant using the name of Walton Evans, for the rental of a 1966 hardtop Chevrolet, the possession of which he thereby obtained. The agreement was to extend until September 25, 1966. The contract had printed at the top "42 S. Illinois Street, Indianapolis, Indiana" and at the bottom near the signature "Indianapolis, Indiana." In the space marked "owning city" was written "Indpls." Judy Rowe testified she was an employee of Avis Rent A Car and worked at 42 South Illinois. Sandra Cunningham stated that Judy Rowe was an employee working under her supervision at the place of business located in Marion County, Indiana. The appellant testified that after he had been in the northern part of the state, when he came back he attempted to call the Indianapolis office with reference to extending the time for keeping the car. From the testimony a jury has a right to draw the inference that this car was obtained and this contract entered into at an Indianapolis office of Avis Rent A Car. It is not necessary that venue be proved by direct evidence, although we feel there is some direct evidence that the office where the contract was made with Judy Rowe, an employee, is located in Marion County, Indiana. It is sufficient that the facts and circumstances are shown by the evidence from which a jury may find where the crime was committed. *Weaver* v. *State* (1963), 243 Ind. 560, 187 N. E. 2d 485; *Johnson* v. *State* (1957), 236 Ind. 509, 141 N. E. 2d 444.

The main contention of the appellant is that he merely used an alias in good faith and with no intent to defraud or deceive any one in obtaining this car. The evidence, however, shows that he identified himself at the time as Walton Evans and produced a driver's license with Walton Evans' name thereon, which the appellant on cross-examination admitted was an "alias."

The evidence further shows that Walton Evans lived at 846 Woodruff Place, and in the latter part of June of the same year the appellant, Charles Wayne West, also lived there. Evans

testified that his driver's license disappeared and that he had to get a duplicate about the first or second day of September; that after the loss of his driver's license he began getting letters from jewelry firms stating that his driver's license had been used. Evans testified that he never rented any car from Avis nor got any car from that business. The record plainly shows that West got possession of a car, using the name of Walton Evans, and presented a driver's license in the name of Walton Evans.

Testimony further shows the car was to be delivered at the Avis office in Jacksonville, Florida. However, it was not delivered at that office, but was found in Jacksonville three or four weeks after the due date, with the license plates on the car changed from those which were on the car when it was delivered to the appellant in Indianapolis. On cross-examination the defendant admitted that he had been convicted previously of forgery a number of times, and was at present an escapee from the Kentucky authorities.

We think the evidence was sufficient from which the finder of the facts was warranted in believing that the appellant used a driver's license that was not his and a name other than his usual name for the purpose of misleading and obtaining the possession of an automobile owned by Red Cab, Incorporated, and in this transaction he forged the name of another person, namely, Walton Evans, and executed a contract with that forged name therein and delivered the same for that purpose.

"The use of fictitious names is not to be encouraged by the courts. It lends itself too readily to fraud by reason of concealment involved and thus is too likely to be used against a public interest or a private interest, particularly those of creditors or other interested parties. It is well settled the law does not countenance or permit the use of a fictitious or assumed name in the execution of a fraudulent scheme." *Peak* v. *State* (1960), 240 Ind. 334, 344, 163 N. E. 2d 584, 590.

The defendant on cross-examination admitted he used an "alias" to obtain possession of this car, and it is quite apparent

that it was done fraudulently through the use of a driver's license that belonged to another person who resided at a place where the appellant had recently lived. The evidence is apparent that the appellant had a reputation under his real name which he would not care to have revealed in a transaction of this sort.

The judgment of the trial court is affirmed.

Lewis, C.J., and Mote, and Hunter, JJ., concur. Jackson, J., concurs in result.

NOTE.—Reported in 235 N. E. 2d 53.