Thomas F. WENDLING, Jr., Appellant,

v.

STATE of Indiana, Appellee.

No. 1082 S 381.

Supreme Court of Indiana.

June 22, 1984.

Barrie C. Tremper, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., G. Douglas Seidman, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Wendling was convicted in the Allen Superior Court of forgery under Ind.Code § 35–43–5–2, and determined to be a habitual offender under a separate count. He received a sentence of five years for the forgery and a separate sentence of thirty years on the habitual offender determination, such sentences to run consecutively. The order for separate sentences is error, and this case is remanded for imposition of an enhanced sentence of thirty-five years for the forgery conviction. *Yager v. State*, (1982) Ind., 437 N.E.2d 454.

The appellate claim presented is that the evidence was insufficient to prove the crime of forgery. Forgery is defined by statute as follows:

"A person who, with intent to defraud, makes or utters a written instrument in such a manner that it purports to have been made:

(1) By another person; (2) at another time; (3) with different provisions; or (4) by authority of one who did not give authority; commits forgery...."

Wendling contends that the proof serving to show that he had an intent to defraud was insufficient. In resolving this question we do not weigh the evidence nor resolve questions of credibility but look to the evidence and reasonable inferences therefrom which support the verdict. *Smith v. State* (1970) 254 Ind. 401, 260 N.E.2d 558. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which a reasonable trier of fact could infer that appellant was guilty beyond a reasonable doubt. *Glover v. State* (1970) 253 Ind. 536, 255 N.E.2d 657.

A van belonging to James Gibbons was broken into in the middle of the afternoon while parked at a golf course in Fort Wayne, and several items were stolen. A coat containing his personal checkbook was taken. The checks were the personal type with his name, his wife's name, and his residence address printed on them. Several pieces of business advertisement were in the pockets along with a small calculator. Gibbons was a liquor salesman. Later that same day appellant cashed one of the stolen checks at a tavern where he was not known. It had been filled out in handwriting, and made payable to appellant in his true name in the sum of $163.00. It contained a false signature of James Gibbons with the simple memo "remodeling" written on it. Appellant said the check had been given to him by Mr. Gibbons in payment for work done. Mr. Gibbons was well known to the tavern owner because he sold liquor there.

Four days later, appellant cashed another one of the stolen checks at the Belmont Liquor Store where he was a known customer. The forgery charge is based on this transaction. The check had been filled out in handwriting and made payable to appellant in his true name in the sum of $197.00. It contained a false signature of James Gibbons with the simple memo "roof" written on it. Prior to presenting the check at the liquor store, appellant telephoned the store operator and said "at the time he was at the place where he had done the work, they were making the check out and wanted to know if he could come in and cash it." The operator of the store said that he would take a look at it and try. After studying the check, the operator agreed to cash it.

■ The intent to defraud in a check forgery prosecution may be proved by circumstantial evidence which will often include the general conduct of the defendant when presenting the instrument for acceptance. *Reid v. State*, (1973) 156 Ind.App. 692, 298 N.E.2d 480. An intent to defraud involves an intent to deceive and thereby work a reliance and injury. BLACK'S LAW DICTIONARY. Knowledge of falsity of a written instrument is not a separate essential element of the present crime of forgery. *Whitacre v. State*, (1980) Ind., 412 N.E.2d 1202.

■ Upon due consideration we deem the proof in this case sufficient to warrant the required inference that appellant held an intent to defraud the owners of the Belmont Liquor Store as charged. The proof showed appellant in possession of two of the checks within the four day period following their theft. This is a fact tending to support the inference of intent to defraud. *Reid v. State, supra.* Within a few hours after the checks were stolen, appellant was in exclusive possession of one of them attempting to acquire cash. This is also such a fact. *Gorman v. State*, (1984) Ind., 460 N.E.2d 968. Appellant chose a place to attempt to cash the check where the owner of the check would likely be known, thereby suggesting that he was exploiting knowledge gained as a consequence of the recent theft. Furthermore and more importantly, appellant created a false impression on occasion of cashing both checks that they represented payment for work done at the residence of the owner of the check. This stemmed from his verbal assertions in connection with the family nature of the check, its residential

address, its handwritten entries, and its casual, lowcase, one word notation of purpose. These facts and inferences were sufficient to warrant the determination of guilt.

Appellant has filed herein a petition to discharge his attorney and proceed pro se. This petition was filed following the completion of briefing and following the appointment of a successor public defender to represent him. The gravaman of the petition is that the firm of which the successor public defender is a member once withdrew from representing him in a previous case. That fact does not alone sufficiently support the existence of a conflict of interest in this appeal at this time. It remains for the successor public defender to file the petition for rehearing herein. The petition is denied. The clerk is directed to give appellant notice at the prison of this ruling. His conviction is affirmed, but the case is remanded for correction of the sentence.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.