The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Charles GRAY, Defendant-Appellant.

No. 83CA1361.

Colorado Court of Appeals, Div. III.

June 27, 1985.

Rehearing Denied July 25, 1985.

Certiorari Denied Dec. 16, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Dolores S. Atencio, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, John P. Leopold, Sp. Deputy State Public Defender, Littleton, for defendant-appellant.

METZGER, Judge.

Asserting that the trial court denied him a speedy trial and that the evidence was insufficient to sustain a guilty verdict, defendant, Charles Gray, appeals his convictions of fraud by check, attempted theft, and two counts of forgery. We affirm.

I.

Defendant was arraigned on January 8, 1981, entered a not guilty plea, and his jury trial was set for March 30, 1981. On March 26, 1981, defendant appeared, waived his right to a speedy trial, and was granted a continuance to June 1, 1981. On that date, defendant failed to appear; the trial court issued a warrant for defendant's arrest, forfeited his $10,000 bond, and set a new bond at $20,000.

On October 22, 1981, defendant appeared in custody, and trial was reset for March 8, 1982; defendant posted the $20,000 bond that same day. He again failed to appear for trial on March 8, 1982; again, the trial court issued a warrant, forfeited his bond, and set a new bond at $50,000.

On February 10, 1983, defendant was arrested in Denver and a "hold" from Arapahoe County was placed on him on February 11, 1983. He appeared in custody before the trial court on March 29, 1983; his trial was reset to May 31, 1983, and his request for a personal recognizance bond was denied. On May 31, 1983, trial was reset to July 5, 1983, on the court's own motion because another trial was in progress; defendant appeared, accompanied by counsel, and objected to this continuance.

On July 5, 1983, defendant's motion to dismiss, based on violation of his right to speedy trial, was denied. After a jury trial, defendant was convicted of fraud by check, attempted theft, and forgery.

## II.

Defendant contends that his bond was increased, and thus, the provisions of § 16–4–103(2) C.R.S. (1984 Cum.Supp.), requiring trial within 90 days of a bond increase, apply. We disagree.

■ *People v. Fields*, 697 P.2d 749 (Colo. App.1984) is dispositive of this contention. The court there held that § 16–4–103(2) is applicable only if "there has been a judicial finding that the defendant has committed a class one, two, three, or four felony while released pending adjudication of a prior felony charge." The trial court made no such finding, and the record does not disclose any facts which would warrant such a finding.

Alternatively, the defendant argues that the "hold" placed on him on February 11, 1983, in essence changed his status, and prevented his release under any circum-

stances, even if he had posted the $50,000 bond. Defendant contends that this fact distinguishes this case from the holding of *People v. Fields, supra*. We disagree.

Section 18–1–405, C.R.S. (1978 Repl.Vol. 8) and Crim.P. 48(b) are substantially similar and provide that, unless a person accused of a crime is brought to trial within six months of the date that his not guilty plea is entered, the charges against him must be dismissed. In determining when the six months have expired, periods of delay for certain specified reasons are excluded. Section 18–1–405(6)(d), C.R.S. (1978 Repl.Vol. 8).

In computing the six month limit within which a defendant shall be brought to trial:

"The period of delay resulting from the voluntary absence or unavailability of the defendant shall be excluded." Section 18–1–405(6)(d), C.R.S. (1978 Repl. Vol. 8).

This exception from the speedy trial period includes not only the time of the defendant's actual absence or unavailability, but also any additional period of delay that may be fairly attributable to the defendant as a result of his voluntary unavailability. *People v. Sanchez*, 649 P.2d 1049 (Colo. 1982). Furthermore, a reasonable period of time may be allowed for rescheduling of defendant's trial after the defendant's failure to appear on the scheduled trial date, and this period of delay is chargeable to the defendant. *See People v. Sanchez, supra*.

■ It is undisputed that the defendant expressly waived his right to speedy trial on March 26, 1981, when his motion to continue his trial was granted. It is further undisputed that the delays beginning on June 1, 1981, and March 8, 1982, were directly attributable to him as being the direct result of his failure to appear, and that thus they should be excluded from the speedy trial computation. Accordingly, the only period in question is the time from February 11, 1983, when a "hold" was

placed on defendant, until July 5, 1983, when he was brought to trial. Since this 144-day period was well within the six months prescribed by § 18–1–405, C.R.S. (1978 Repl.Vol. 8), defendant's speedy trial rights were not violated.

### III.

. The defendant also contends that the trial court erred by denying his motion for judgment of acquittal as to two counts of forgery. We disagree.

The undisputed evidence at trial established that a Mrs. Hollenbeck lost her identification and credit cards, including a Sears Roebuck credit card, when her purse was stolen in January of 1980. The identification and credit cards bore her husband's name, John E. Hollenbeck.

Thereafter, on March 31, 1980, the defendant opened a checking account with the affiliated First National Bank of Englewood, under the names of John and Helen Hollenbeck. Fifty dollars was later deposited, but the account was closed because of insufficient funds on May 27, 1980, with a balance of $9.50. The record shows that defendant admitted that he forged the Hollenbecks' signatures in order to open the account, and that he deposited the fifty dollars. He also admitted that, after the account was closed, he wrote two checks to Sears & Roebuck, one on June 22, 1980, for $660.25 and a second on June 23, 1980, for $319.49.

Relying on *DeRose v. People*, 64 Colo. 332, 171 P. 359 (1918), defendant argues that the checks he presented to Sears were legitimate negotiable instruments drawn on an existing account bearing the name of John Hollenbeck and, therefore, his signature constituted a false statement of fact, not a false making. This argument lacks merit.

There is a distinction between the "false making" of an instrument and making a false statement of fact in an instrument. To falsely make a written instrument means to:

"make or draw a written instrument, whether complete or incomplete, which purports to be an authentic creation of its ostensible maker, but which is not, either because the ostensible maker is fictitious or because, *if real, he did not authorize the making or the drawing thereof.*" Section 18–5–101(4), C.R.S. (1978 Repl.Vol. 8) (emphasis added).

In contrast to this statutory definition, *DeRose v. People, supra,* concerns the making of a false statement in an otherwise genuine document. In that case, the defendant in his capacity as foreman made improper entries on his employer's time sheet. Our supreme court determined that, while the time sheet contained false statements, the time sheet itself was not a false document. It held that a false statement of fact in an instrument which is itself genuine, by which another person is deceived and defrauded, is not forgery.

█ However, where any material portion of an instrument is fictitious, such as a name or signature, a forgery conviction may be sustained. *People v. Brown*, 193 Colo. 120, 562 P.2d 754 (1977). Here, the defendant's intent to defraud is amply evidenced by his use of the fictitious name in opening the bank account. *People v. Brown, supra.* And, at the time of their use, the checks in question were false documents because they were drawn on an unauthorized account in the name of another. Thus, defendant's conduct with regard to the checks is not analogous to the situation present in *DeRose*, but rather falls within the terms of § 18–5–101(4), C.R.S. (1978 Repl.Vol. 8).

█ Moreover, the record indicates that the defendant, at the time he presented the checks, also presented John Hollenbeck's credit cards. Thus, defendant relied on the identity of the true owners of the credit cards to substantiate the validity of the checks. His intent to defraud, along with the making of the checks, constituted a forgery. Accordingly, the trial court prop-

erly denied defendant's motion for judgment of acquittal.

Judgment affirmed.

STERNBERG and TURSI, JJ., concur.