**Robert AVERY, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1185 S 442.**

Supreme Court of Indiana.

Nov. 1, 1985.

James R. Fleming, Howard County Public Defender, Kokomo, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

In 1978, the appellant entered a plea agreement with the State for a forty (40) year sentence on a charge of Murder. In 1980, the appellant filed a Petition for Post-Conviction Relief, which was denied. His appeal to this Court resulted in a reversal, 463 N.E.2d 1088. On retrial he filed a motion to suppress a confession, which was overruled by the trial court.

The State and the appellant filed a joint request to the trial court to certify the ruling of the admissibility of appellant's confession to the Court of Appeals as an interlocutory order. The trial court granted the petition and certified the matter to

the Court of Appeals. Upon the filing of appellant's brief, it was discovered that no assignment of errors had been included. The State and the appellant filed a Joint Petition for Leave to Amend the Record to Include an Assignment of Errors.

The Court of Appeals dismissed the appeal and thereafter the appellant filed a Petition for Rehearing which was denied. There is no question but what an assignment of errors is anticipated in the filing of an interlocutory appeal. *See* Bagni, Giddings & Stroud, *Indiana Appellate Procedure,* § 170 (Supp.1985). However, when both the State and the appellant have asked the trial judge to certify the question and the trial judge has so certified on the basis that much time, effort and money will be saved by obtaining the interlocutory ruling and where the issue is a single issue which in reality needs no separate assignment of errors, it is in the interest of judicial efficiency to grant the joint motion and proceed with the decision of the interlocutory appeal on the merits.

In making this decision, we are not setting aside our general position that neither this Court nor the Court of Appeals should consider questions arising in the course of a trial by way of interlocutory review except where expressly provided by statute. This case presents a unique situation which in the interest of efficiency calls for unusual adjudication.

As Justice Hunter said in *American States Insurance Co. v. State ex rel. Jennings* (1972), 258 Ind. 637, 640, 283 N.E.2d 529, 531:

"Although our procedural rules are extremely important, it must be kept in mind that they are merely a means for achieving the ultimate end of orderly and speedy justice. We must examine our technical rules closely when it appears that invoking them would defeat justice; otherwise we become slaves to the technicalities themselves and they acquire the position of being the ends instead of the means. This is especially true in a case such as the one at bar where we

prejudice no one by allowing the record to be corrected at this point."

Justice Hunter's observations are equally applicable to the case at bar.

This cause is therefore remanded to the Court of Appeals with instructions to allow amendment for the filing of an assignment of errors and further proceedings on the merits of the interlocutory appeal.

All Justices concur.