Thomas F. WENDLING, Jr., Appellant,

v.

STATE of Indiana, Appellee.

No. 1082S381.

Supreme Court of Indiana.

July 23, 1986.

Thomas F. Wendling, Jr., pro se.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is an appeal from a proceeding which resulted in a resentencing of appellant.

The procedural story of this case is as follows. In 1977, appellant received a four year sentence pursuant to a robbery conviction. On June 23, 1981, appellant committed forgery, the offense which forms the basis of the present appeal. At the time of the commission of the forgery, appellant only had one prior felony conviction and sentence, however, he had charges for robbery, burglary and confinement pending against him. On November 12, 1981, appellant was convicted of robbery, burglary and confinement. Subsequently, he was convicted of forgery, and he received a five year sentence for forgery and a consecutive thirty year sentence for being a habitual offender.

On direct appeal, this Court affirmed his conviction, but remanded for a new sentencing hearing in order to have the habitual offender sentence imposed as an enhancement to the forgery sentence. See *Wendling v. State* (1984), Ind., 465 N.E.2d 169.

On remand, defense counsel pointed out to the Court that appellant's habitual offender determination had a legal defect which allegedly rendered it invalid. The prior unrelated felonies that formed the basis of the habitual offender determination were not in their proper sequence. The trial court agreed and, in effect, granted appellant post-conviction relief by invalidating the habitual offender determination and by resentencing appellant to eight years on the forgery conviction. The eight year forgery sentence was ordered to run consecutively to an unrelated sentence.

Appellant raises one issue on appeal namely, whether the court erred in re-sentencing him to eight years instead of five years for forgery?

The kernel of appellant's argument is that he should have received a five year sentence for forgery because that was the sentence he originally received. However, we need not address this claim because the trial court was without jurisdiction to re-sentence appellant contrary to this Court's mandate in *Wendling v. State* (1984), Ind., 465 N.E.2d 169.

The decision of this court that appellant receive a thirty five year sentence instead of separate five and thirty year sentences to run consecutively is the law of this case and was binding upon the Allen Superior Court in further proceedings in this case. *Matter of Lemond* (1980), 274 Ind. 505, 413 N.E.2d 228.

Consequently, this cause is remanded again and the trial court is ordered to enhance the five year forgery sentence by thirty years pursuant to the habitual offender determination. If appellant desires to attack the habitual offender determination or to raise any other appropriate issues, he may do so by filing a petition for post-conviction relief in the court of sentencing.

GIVAN, C.J., and PIVARNIK, SHEPARD and DICKSON, JJ., concur.