The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Wilfred Delano MARQUEZ,
Defendant-Appellant.

No. 85CA1068.

Colorado Court of Appeals,
Div. IV.

May 14, 1987.

Rehearing Denied June 4, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Peter J. Stapp and Timothy E. Nelson, Asst. Attys. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, and Douglas D. Barnes, Deputy State Public Defender, Denver, for defendant-appellant.

HODGES, Justice.[*]

Defendant, Wilfred Delano Marquez, appeals the denial of his motion under Crim.P. 35(c) to set aside his conviction.

---

[*] Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).

He contends his right to speedy trial pursuant to § 16–4–103(2) C.R.S. (1986 Repl.Vol. 8A) was violated and that he did not receive effective assistance of counsel. We affirm.

In January 1982, defendant was convicted by a jury of two counts of aggravated robbery, one count of second degree assault, and one habitual criminal count. His conviction was affirmed on appeal. *People v. Marquez*, 692 P.2d 1089 (Colo.1984).

In a Crim.P. 35(c) motion, defendant thereafter sought post-conviction relief alleging his speedy trial right under § 16–4–103(2) C.R.S. (1986 Repl.Vol. 8A) was violated because he was not brought to trial within ninety days of the revocation of his bond. He also maintained that he received ineffective assistance of counsel because his attorney failed to move for dismissal of the charges on those grounds prior to trial. The trial court's order denying this motion is the subject of this appeal by the defendant.

On August 22, 1980, defendant was arraigned and entered a plea of not guilty. After posting bail bond, defendant sought and received three continuances of his trial date, the last being granted on January 30, 1981. At a motion hearing on May 26, 1981, defense counsel advised the court that his client was incarcerated in New Mexico on a federal criminal charge.

When the defendant failed to appear for his scheduled trial date on June 1, 1981, the trial court entered an order revoking the defendant's bond. The trial court deemed defendant's failure to appear for trial to be a waiver of his right to speedy trial, and continued the case until such time as the defendant's presence could be obtained.

On October 16, 1981, defendant was returned to the jurisdiction pursuant to the trial court's bench warrant. Shortly thereafter, the trial was rescheduled for, and was conducted beginning January 25, 1982.

### I.

Section 16–4–103(2), C.R.S. (1986 Repl. Vol. 8A) provides in pertinent part:

"Further conditions of every bail bond shall be that the released person not commit any felony while at liberty on such bail bond and that the court in which the action is pending have the power to revoke the release of the defendant, to increase the bail bond, or to change any bail bond condition if it is shown that a competent court has found probable cause to believe that the defendant has committed a class 1, 2, 3, or 4 felony while released pending adjudication of a prior felony charge.... Any defendant whose bail bond is revoked or increased under an order entered pursuant to this section and who remains in custody must be tried on the charges on which the bail bond has been increased or revoked within ninety days after such order or within six months after his arraignment on such charges, whichever date is earlier."

The defendant asserts that because the trial court revoked his bond on June 1, 1981, and he was not tried until January 25, 1982, the ninety-day speedy trial requirement of this section was violated.

We hold that § 16–4–103(2) does not apply here. When the trial court revoked the defendant's bond, it did not expressly enter an order under the statute, nor did it make a finding that the defendant had committed a class 1, 2, 3, or 4 felony as classified under Colorado law. *See People v. Gray*, 710 P.2d 1149 (Colo.App.1985). The bond revocation resulted from the defendant's failure to appear for trial, not because he had committed a felony while on bond. Furthermore we note that defendant was charged in New Mexico with being a felon in possession of a firearm, which if committed in Colorado in violation of § 18–12–108, C.R.S. (1986 Repl.Vol. 8B) would have been a class 5 felony.

The defendant was unavailable because trial on the federal charge in New Mexico was set for the end of June 1981, and the defendant was unable to make the $100,000 bond in the federal case. The trial court properly concluded that defendant's failure to appear for trial on the Colorado charges could only be attributed to the defendant and, therefore, constituted a waiver of his right to speedy trial.

Defendant's right to speedy trial in this case is governed by § 18-1-405, C.R.S. (1986 Repl.Vol. 8B) and Crim.P. 48(b), which generally require that an accused be brought to trial within six months of the entry of a plea of not guilty. The statute and rule provide certain exclusions from the six month general rule, including periods of delay resulting from the unavailability of the defendant. Section 18-1-405(6)(d), C.R.S. (1986 Repl.Vol. 8B); Crim.P. 48(b)(6)(IV).

■ Here, the exclusion serves to toll the six-month period while the defendant was being processed in the federal system. Furthermore, a reasonable period of time may be allowed for rescheduling of defendant's trial after the defendant's failure to appear on the scheduled trial date, and this period of delay is chargeable to the defendant. *People v. Gray, supra.*

A fundamental purpose of the speedy trial statute and rule is to prevent unnecessary prosecutorial and judicial delays to a pending criminal proceeding. *People v. Moye,* 635 P.2d 194 (Colo.1981). In the present case, the delays were attributable to the defendant. The trial court and the prosecution made reasonable efforts to bring this matter to trial.

■ Moreover, the defendant did not assert a denial of speedy trial rights until after his conviction. A defendant's failure to demand dismissal prior to trial normally waives any speedy trial objection. Section 18-1-405(5), C.R.S. (1986 Repl.Vol. 8B); Crim.P. 48(b)(5); *People v. Anderson,* 649 P.2d 720 (Colo.App.1982).

### II.

Next, defendant contends that his attorney's failure to move for dismissal on speedy trial grounds prior to trial constituted ineffective assistance of counsel, and consequently, the normal waiver of his speedy trial rights for not objecting prior to trial cannot be applied here. We disagree.

The two part standard adopted in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) for evaluating claims of ineffective assistance of counsel requires the defendant to show that counsel's representation fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See People v. Dillon,* 739 P.2d 919 (Colo.App.1987). The defendant has the burden to show inadequate representation in a Crim.P. 35 proceeding. *People v. Dillard,* 680 P.2d 243 (Colo.App.1984).

■ Here, the defendant presented no evidence at the hearing to show that his counsel's representation fell below an objective standard of reasonableness, and therefore, he did not meet his burden of proof. Moreover, the defendant failed to show that the result would have been different but for counsel's alleged omission. Finally, in view of our holding that § 16-4-103(2) does not apply here, we conclude defendant's claim of ineffective assistance of counsel is without merit.

Order affirmed.

ENOCH, C.J., and SILVERSTEIN,* J., concur.