Robert L. AVERY, Appellant,

v.

STATE of Indiana, Appellee.

No. 27S00-8707-CR-691.

Supreme Court of Indiana.

Dec. 21, 1988.

James R. Fleming, Howard County Public Defender, Kokomo, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in appellant's conviction of Murder, for which he received a sentence of forty (40) years.

Appellant has travelled a long route through our judicial system. In 1978, appellant entered into a plea agreement to accept forty (40) years imprisonment. In 1984, this Court reversed the trial court's denial of his petition for post-conviction relief and ordered his plea of not guilty reinstated. *See Avery v. State* (1984), Ind., 463 N.E.2d 1088.

In 1985, appellant took an interlocutory appeal from the trial court's refusal to suppress his confession. The Court of Appeals at first dismissed the interlocutory appeal; this Court, however, in *Avery v. State* (1985), Ind., 484 N.E.2d 575, ordered the Court of Appeals to hear the appeal on its merits. Subsequently, in an unpublished opinion, the Court of Appeals affirmed the trial court's overruling of the motion to suppress the defendant's confession. Appellant's petition to transfer to this Court was denied without opinion.

The facts are: On June 17, 1978, appellant was free on bond awaiting an eight (8) year sentence scheduled to be given on July 6, 1978 on a guilty plea to a charge of rape. On that date, Mandy Lewellen was reported missing and on June 28, 1978 her body was found. Appellant immediately became a suspect due to the fact he was the last person seen with the victim. The police did not feel they had sufficient evidence to arrest appellant at that time. However, they equipped two of his friends with audio-interceptor devices and monitored their conversations with appellant.

On one occasion, appellant and one of his friends were conversing and appellant indicated that he desired assistance to enable him to travel to Arkansas. In a later conversation, he indicated that he might use his uncle's automobile to leave the state. Upon receiving this information and consulting with the prosecuting attorney, a decision was made to pick up appellant on his rape conviction for which he was out on

bond awaiting sentencing. This arrest was made on July 2, 1978.

The police department consulted a psychiatrist, Dr. John Bowman, and stated that appellant was a suspect in the murder case, and they desired expert advice on how to approach him in that regard. Dr. Bowman advised that they should not try to question appellant because questioning would place him on the defensive and they would not receive any information. The doctor further observed that if police made no mention of the homicide to appellant he would eventually start talking because of his compulsive nature.

Although appellant had been arrested because of his threat to leave the state while on bond awaiting sentencing on the rape charge, no attempt was made to revoke his bail either before or after he was arrested nor was there any attempt to bring him before a court between the time he was arrested on July 2 and the time of his confession on July 10.

■ Appellant takes the position that since his arrest and incarceration from July 2, 1978 to July 10, 1978 were illegal, his confession made during that period should have been suppressed. He relies principally upon *Williams v. State* (1976), 264 Ind. 664, 348 N.E.2d 623 and cases cited therein.

We would first observe that the State is correct in its observation that the issue of the admissibility of the confession was decided by the trial court and that decision was affirmed by the Court of Appeals in the interlocutory appeal. This Court allowed that decision to stand when it denied transfer. The admissibility of appellant's confession is now the law of this case. *See Wendling v. State* (1986), Ind., 495 N.E.2d 192; *Cha v. Warnick* (1985), Ind., 476 N.E.2d 109, *cert. denied,* 474 U.S. 920, 106 S.Ct. 249, 88 L.Ed.2d 257.

■ Even if we would assume for the sake of argument that this Court should now pass on that issue, the facts in the *Williams* case relied upon by appellant are distinguishable from the facts in this case. The police had continued to badger Williams during the period of his illegal

incarceration. In *Williams*, the majority pointed out that in the case of *Wong Sun v. United States* (1963), 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 in order to have a voluntary confession there must be a showing of sufficient free will to purge the primary taint of an illegal arrest or illegal detention. The *Wong Sun* court noted that a suspect could decide to confess as an act of free will unaffected by the initial illegality and noted that whether a confession is the product of free will is dependent entirely upon the facts of a particular case.

Contrary to the situation in *Williams*, in the case at bar the police deliberately left appellant alone. There was no attempt whatsoever to question him concerning the murder case. His confession was brought about entirely by his own request to talk to the police in the presence of his girl friend. The girl friend, Robin McDonald, testified that appellant gave his confession in her presence and that there was no coercion on the part of the police. We hold that the trial court and the Court of Appeals were correct in their finding that appellant's confession should not be suppressed.

The trial court is affirmed.

SHEPARD, C.J., concurs in result without separate opinion.

DeBRULER, J., concurs with separate opinion.

PIVARNIK, J., concurs.

DICKSON, J., dissents.

DeBRULER, Justice, concurring.

The element in this case which in my judgment tips the balance in favor of Judge Wright's conclusion that appellant's decision to confess was not the unconstitutional product of his illegal detention, was the pending sentence for an unrelated rape conviction. The pendency of the imposition of that eight year sentence at the time of his arrest and subsequent illegal detention, diminishes considerably the coercive character of his day to day experience in confinement. He would have had for example no expectation that he might achieve his freedom by making a convincing exculpato-

ry statement, for he was then facing eight years in prison. Such first and tentative statements are often the first fruit of coercion. He would have made provision, both psychologically and in arranging his private affairs, for the imminent advent of separation from community. He thus would have been in a state of preparedness when taken into custody. This condition, when considered with those circumstances described in the majority opinion, provides an adequate basis for the conclusion that his choice to confess was self-generated and free of the primary taint of his illegal detention.

I therefore concur in the decision to affirm the judgment.