Phillip **MILLER**, Appellant–Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A02–9706–CR–387.

Court of Appeals of Indiana.

March 31, 1998.

Kenneth T. Roberts, Roberts & Bishop, Indianapolis, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Priscilla J. Fossum, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

**OPINION**

STATON, Judge.

Following a jury trial, Phillip D. Miller appeals his convictions for Forgery,[1] a class C felony, and Theft,[2] a class D felony. Miller raises three issues on appeal, which we consolidate and restate as two. We also raise one issue *sua sponte.*

I.   Whether sufficient evidence was presented to sustain Miller's convictions for Forgery and Theft.

II.  Whether the admission of a handwriting sample violated Miller's Sixth Amendment right to the assistance of counsel.

III. Whether Miller's six-year sentence for Theft exceeds the statutory maximum for a class D felony.

We affirm in part, reverse in part, and remand.

The facts most favorable to the verdict reveal that on September 16, 1995, Miller opened a checking account under the name Ralph Thompson, Jr. Miller opened the account using a social security number, a birthdate, and an address which were not his. The initial deposit into the account was $49, but this amount was depleted within ten days and no further deposits were made. Approximately two weeks after the account was opened, Miller, using the name Ralph Thompson, Jr., entered into a contract with Century Car Phones for telephone service for three cellular phones. Miller issued a $900 check, in the name of Ralph Thompson, to Century, and Century gave Miller three phones. The $900 was to serve as a deposit for the phones. Miller testified that at the time he wrote the check, he knew there was no money in the account. Later, Century was informed that the account had insufficient funds to cover the check. Century disconnected the service to Miller's phones, and when Miller called to inquire about this, he was told to bring the phones in for service. Miller did so and was arrested. Century recovered only one of the three phones.

---

1. IND. CODE § 35–43–5–2 (1993).

2. IND. CODE § 35–43–4–2 (1993).

## I.

### Sufficiency of the Evidence

■ Miller contends that insufficient evidence was presented to convict him of either Forgery or Theft. When reviewing a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of witnesses. *Jordan v. State*, 656 N.E.2d 816, 817 (Ind.1995), *reh. denied.* We look to the evidence and the reasonable inferences therefrom that support the verdict. *Id.* The conviction will be affirmed if evidence of probative value exists from which a jury could find the defendant guilty beyond a reasonable doubt. *Id.*

■ In order to convict Miller of Forgery, the State was required to prove beyond a reasonable doubt that Miller (1) made or uttered a written instrument, (2) with intent to defraud, and (3) in such a manner that it purported to have been made by another person. IC 35–43–5–2. Miller contends that the State failed to meet its burden of proof with respect to any of these elements. We disagree.

■ First, the evidence reveals that Miller both made and uttered a written instrument. He made the written instrument when he wrote the check, signing a fictitious name to it. Miller uttered the written instrument when he gave Century the check as a deposit for three cellular phones. "Uttering is the offering of a forged instrument, knowing it to be such, with a representation that it is genuine, and with an intent to defraud." *Reid v. State*, 156 Ind.App. 692, 298 N.E.2d 480, 483 (1973) (quoting 37 C.J.S. *Forgery* § 37).

■ Too, the jury could have reasonably inferred that Miller intended to defraud Century. Intent to defraud may be proven by circumstantial evidence which will often include the general conduct of the defendant when presenting the instrument for acceptance. *Wendling v. State*, 465 N.E.2d 169, 170 (Ind.1984). Miller's use of an assumed name when passing the check and the lack of funds in "Ralph Thompson, Jr.'s" checking account are both facts which support the jury's inference that Miller intended to de-

fraud Century. *See Colorado v. Gray*, 710 P.2d 1149, 1152 (Colo.Ct.App.1985) (intent to defraud evidenced by use of fictitious name to open a bank account); *Colorado v. Brown*, 193 Colo. 120, 562 P.2d 754, 755 (1977) (intent to defraud evidenced by use of fictitious name on gift certificates); *American Express Co. v. People's Sav. Bank*, 192 Iowa 366, 181 N.W. 701, 704 (1921) (lack of funds to meet personal checks is evidence of a general intent to defraud).

Finally, the check Miller issued purported to have been made by a person other than himself. Miller argues that because he always held himself out as Ralph Thompson, Jr. in his dealings with Century he was not purporting that the check was made by anyone other than himself. The Indiana Supreme Court rejected such a reading of the forgery statute in *West v. State*, 250 Ind. 378, 235 N.E.2d 53 (1968), *reh. denied.* The defendant in *West* obtained a rental car by using a false name. The court held that the execution of a rental contract using the false name constituted a forgery. *Id.* at 55. Here, the evidence shows that Miller, while using a false name, wrote and submitted a check to Century in an amount which the checking account did not contain. We hold that the State presented sufficient evidence for a jury to conclude beyond a reasonable doubt that Miller committed the crime of Forgery.

■ Miller also argues that the evidence is insufficient to sustain his conviction for Theft. In order to convict Miller of Theft, the State was required to prove beyond a reasonable doubt that Miller (1) knowingly or intentionally, (2) exerted unauthorized control over Century's property, and (3) with the intent to deprive any other person of any part of its value or use. IC 35–43–4–2. Miller contends that the evidence indicates that Century consented to his control over the cellular phones by turning them over to him after he had signed a service agreement. While it is true that Century voluntarily relinquished the phones to Miller, it did so only based upon the belief that Miller was in fact Ralph Thompson, Jr. Century approved the application of Ralph Thompson, Jr. for phone service, based in part on a credit check in

Thompson's name, not Miller's. Given these facts, the jury could have reasonably inferred that Miller's use of a false name in order to obtain the phones resulted in his control over them being unauthorized. *See also Johnson v. State*, 222 Ind. 473, 54 N.E.2d 273, 276 (1944) (larceny occurs where a wrongdoer, with felonious intent, induces an owner of property to part with possession of it through trick, fraud, or artifice).

Here, Miller, while using a false name, entered into a contract for the service of three cellular phones. In exchange for Ralph Thompson, Jr.'s $900 check which was to serve as a deposit for the phones, Century gave Miller three phones. Century never received the $900 due to insufficient funds in the Thompson checking account. The Thompson checking account never held more than $49. Century ultimately recovered only one of the three cellular phones. Based upon these facts, the evidence was sufficient for the jury to conclude beyond a reasonable doubt that Miller committed Theft.

## II.

### *Admission of Handwriting Sample*

Following Miller's arrest, he was required to submit to a handwriting analysis. Miller's attorney was not present at the time the handwriting sample was taken, and he contends that this violated his Sixth Amendment right to the assistance of counsel. Miller failed to object to the admission of this evidence at trial. Failure to contemporaneously object and state the grounds for the objection at trial results in waiver. *Mullins v. State*, 646 N.E.2d 40, 44 (Ind.1995). Waiver notwithstanding, Miller's argument is without merit. The right to counsel attaches only to critical stages of criminal proceedings. *Gillie v. State*, 465 N.E.2d 1380, 1386 (Ind.1984). An administrative procedure such as the taking of a handwriting exemplar is not a critical stage; accordingly, counsel does not have to be present. *Id.*

## III.

### *Sentence for Theft*

Finally, we address, *sua sponte*, an issue which was not raised by Miller. Miller was sentenced to six years for Forgery and six years for Theft, sentences to run concurrently. Record at 173, 695. Theft is a class D felony. IC 35–43–4–2. The maximum sentence for commission of a class D felony is three years. IND. CODE § 35–50–2–7 (1993) (one and one-half years presumptive with an additional one and one-half years for aggravating circumstances). Since Miller was incorrectly sentenced to six years for Theft, we vacate his sentence for Theft and remand for resentencing.

Affirmed in part, reversed in part, and remanded.

SHARPNACK, C.J., and GARRARD, J., concur.