**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**ELIZABETH A. BELLIN**
Elkhart, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**LARRY D. ALLEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DELVON TOLBERT, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 20A05-1310-CR-564 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable Stephen R. Bowers, Judge
Cause No. 20D02-1209-FC-252

**July 23, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Delvon Tolbert appeals his conviction for forgery, a Class C felony. We affirm.

**Issue**

The sole issue is whether there is sufficient evidence to support Tolbert's conviction.

**Facts**

On September 22, 2012, Goshen Police Department Officer Brandon Miller pulled up behind a white Chrysler 300 driven by Tolbert. Tolbert turned on his right turn signal and immediately made a turn followed by a second turn into a parking space on the south side of the road. Officer Miller found this driving behavior suspicious, so he followed Tolbert and ran his license plate number through the Bureau of Motor Vehicles database. The license plate number was registered to a silver Honda that was reported stolen. Tolbert pulled out of his parking space, and Officer Miller notified dispatch that the license plate matched a stolen vehicle reported in the database.

Officer Miller activated the lights on his police car and followed Tolbert through a number of turns and a red traffic light. Officer Miller estimated that Tolbert's car was traveling nearly eighty miles per hour in a thirty mile per hour zone. Tolbert came to a stop and Officer Miller observed him running away from the car, discarding items out of a backpack that were later identified as counterfeit twenty-dollar bills. After a brief chase and arrest, officers searched Tolbert and found twenty-dollar bills that were darker in color and different in feel from ordinary twenty-dollar bills, and they all had identical serial numbers. The officers also located inside the car a Long John Silver's bag with

2

food and fresh grease stains, which led Officer Thomas Fuller to investigate at the only Long John Silver's in Goshen. Management at the Long John Silver's explained the cash drawer skimming practices and discovered a counterfeit twenty-dollar bill in the deposit bag identical to the ones Tolbert possessed.

On September 26, 2012, the State charged Tolbert with forgery, a Class C felony, resisting law enforcement, a Class D felony, and receiving stolen auto parts, a Class D felony. Tolbert did not appear at trial, was tried in absentia, and found guilty as charged by a jury. Tolbert now appeals.[1]

## Analysis

Tolbert challenges the sufficiency of the evidence supporting his conviction of forgery, a Class C felony. When reviewing the sufficiency of the evidence, we examine only the probative evidence and reasonable inferences therefrom supporting a guilty verdict or finding. Lock v. State, 971 N.E.2d 71, 74 (Ind. 2012). We will neither assess witness credibility, nor reweigh the evidence to determine if it was sufficient to support a conviction. Id. Those roles are reserved exclusively for the finder of fact, not appellate courts. Id. We must consider only the evidence most favorable to the conviction and will affirm unless no reasonable fact-finder could have found the crime proven beyond a reasonable doubt. Id.

To convict Tolbert of Class C forgery, the State was required to prove beyond a reasonable doubt that Tolbert, with the intent to defraud, made, uttered, or possessed a written instrument in such a manner that it purports to have been made (1) by another

---

[1] Tolbert does not challenge his convictions for resisting law enforcement and receiving stolen auto parts.

person (2) at another time (3) with different provisions, or (4) by authority of one who did not give authority. See Ind. Code § 35-43-5-2(b). Tolbert concedes that circumstantial evidence alone is sufficient to support a conviction and that he possessed counterfeit twenty-dollar bills. He argues, however, that the State did not meet the burden of proof to establish that he uttered the counterfeit twenty-dollar bill to Long John Silver's with the intent to defraud. We disagree.

We acknowledge that there were no Long John Silver's employees who could testify to Tolbert's presence at the restaurant the day of the arrest and that there were no receipts to evidence Tolbert went to the Goshen Long John Silver's location. There is still enough circumstantial evidence here for a fact-finder to conclude that the necessary elements of Class C felony forgery are satisfied by making reasonable inferences that naturally and legitimately flow from the surrounding circumstances. "Uttering is the offering of a forged instrument, knowing it to be such, with a representation that it is genuine, and with an intent to defraud." Miller v. State, 693 N.E.2d 602, 604 (Ind. Ct. App. 1998). Based on Long John Silver's practice of skimming cash from the cash drawer into a deposit bag throughout the day, it is reasonable to conclude that a purchase was made with the counterfeit bill the same day as Tolbert's arrest. Tolbert was also arrested with a backpack full of counterfeit twenty-dollar bills that were exact matches in color, feel, and serial number to the bill found at the only Long John Silver's in town. Additionally, the officers located a Long John Silver's bag with fresh grease stains and food in the stolen vehicle that Tolbert fled. The trial court as fact-finder found these

4

circumstances sufficient to convict Tolbert, and we cannot second-guess that determination. Therefore, the evidence was sufficient to sustain Tolbert's conviction.

## Conclusion

There is sufficient evidence to sustain Tolbert's Class C felony conviction for forgery. We affirm.

Affirmed.

BAKER, J., and CRONE, J., concur.