**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JANE H. CONLEY**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney of Indiana
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

TODD A. GARLAND,                         )
                                         )
    Appellant-Defendant,             )
                                         )
        vs.                 )    No. 49A05-1403-CR-96
                                         )
STATE OF INDIANA,                        )
                                         )
    Appellee-Plaintiff.              )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Grant W. Hawkins, Judge
Cause No. 49G05-1302-FC-9993

**September 9, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Todd A. Garland appeals his conviction and sentence for forgery as a class C felony. Garland raises one issue, which we revise and restate as whether the evidence is sufficient to sustain his conviction. We affirm.

FACTS AND PROCEDURAL HISTORY

On October 26, 2012, Garland walked into a liquor store in Indianapolis to attempt to cash a check. The check was made out to Garland in the amount of $900 and was to be drawn on an account at Chase Bank belonging to a dental practice. The word "Payroll" was printed on the memo line of the check. State's Exhibit 1A. Garland told the store manager that "he had done some work," endorsed the check at the manager's request, and handed it to the manager. Transcript at 71. The manager then placed a telephone call to the dental practice whose name was on the check to verify the check was valid, and the office administrator for the dental practice stated that the check was not valid and that she would come to the liquor store. Before leaving to go to the liquor store, the dental office administrator verified that Garland had not been a previous patient or employee of the dental practice. The dental office administrator called the police and went to the liquor store. After speaking with the dental office administrator, the liquor store manager "hem-hawed around putting [Garland] in [the] computer system, basically . . . taking [her] time to try to keep him there as long as [she] could." Id. at 61. The manager obtained Garland's identification and fingerprints and entered a profile for him in the computer.[1] After about ten minutes, Garland became upset and asked what was

_____

[1] The manager testified, when asked what generally happens when a person presents a check, that the store would "put them in the system, put their fingerprints and picture and their ID into [the] computer." Transcript at 53.

2

taking so long. Garland "got mad," and the manager said "the lady's coming up here, this check ain't no good." Id. at 72. Garland left the store.

On February 15, 2013, the State charged Garland with forgery as a class C felony. On December 19, 2013, a jury trial was conducted at which the liquor store manager and dental office administrator testified to the facts above. The dental office administrator testified that she had worked for the dental practice for thirteen and one-half years, she was familiar with every employee that worked for the practice, that Garland never worked for the practice, that Garland had never been a patient, and his name was not found in the practice's records. She testified that she had never seen the check which Garland attempted to cash, that the check was not issued by the dental office, that there was a dental logo on the business's checks, that the placement of the bank information on the check was incorrect, and that the color and the typeset of the check were different than those on the business's checks. She also testified that the signature on the check presented by Garland was not the signature of the dentist as purported and that the dentist was the only person in the office with authority to write checks. The jury found Garland guilty as charged. The court sentenced Garland to six years in the Department of Correction.

## DISCUSSION

The issue is whether the evidence is sufficient to sustain Garland's conviction for forgery as a class C felony. When reviewing claims of insufficiency of the evidence, we do not reweigh the evidence or judge the credibility of witnesses. Jordan v. State, 656 N.E.2d 816, 817 (Ind. 1995), reh'g denied. Rather, we look to the evidence and the

3

reasonable inferences therefrom that support the verdict. Id. We will affirm the conviction if there exists evidence of probative value from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. Id.

At the time of the offense, Ind. Code § 35-43-5-2(b) provided in relevant part: "A person who, with intent to defraud, makes, utters, or possesses a written instrument in such a manner that it purports to have been made . . . by authority of one who did not give authority [] commits forgery, a Class C felony."[2] The State alleged that Garland "did, with intent to defraud, utter to [the store manager] a written instrument, that is: a check . . . in such a manner that said instrument purported to have been made by the authority of [the dentist or dentists] who did not give authority . . . ." Appellant's Appendix at 27.

Intent to defraud may be proven by circumstantial evidence which will often include the general conduct of the defendant when presenting an instrument for acceptance. Miller v. State, 693 N.E.2d 602, 604 (Ind. Ct. App. 1998) (citing Wendling v. State, 465 N.E.2d 169, 170 (Ind. 1984)). There must be a potential benefit to the maker or potential injury to the defrauded party. Diallo v. State, 928 N.E.2d 250, 253 (Ind. Ct. App. 2010). "Because intent is a mental state, the fact-finder often must resort to the reasonable inferences based upon an examination of the surrounding circumstances to determine whether—from the person's conduct and the natural consequences therefrom—there is a showing or inference of the requisite criminal intent." Id. (citation and internal quotation marks omitted).

---

[2] As of July 1, 2014, the offense is governed by Ind. Code § 35-43-5-2(d) which provides that, the offense is a level 6 felony. See Pub. L. No. 158-2013, § 469 (eff. July 1, 2014).

4

Garland asserts that the evidence is insufficient to show he possessed the intent to defraud. He argues there was no direct evidence he knew the check "was other than genuine," that his general conduct showed no signs of fraud, and that he gave the store clerk his identifying information and made no attempt to disguise it. Appellant's Brief at 3. He states "[n]o evidence was presented as to how he had gotten it other than his saying it was for work done," that his "conduct at the check cashing station, described by witnesses and shown on the security video, was no different from that of anyone cashing a check," and that "[h]e waited more than ten minutes for the clerk to cash the check before he got upset and asked for it back." Id. at 5. He claims "[t]his conduct might be that of any person who realizes that something they have been given for their work is no good; that they will probably not, after all, be paid, and might even get in trouble for trying to cash it." Id. The State maintains the jury could have reasonably inferred from the evidence that Garland knew the check he presented was invalid. The State argues the check was fabricated, that Garland became angry and demanded to know what was taking so long, and that Garland fled, showing his consciousness of guilt. The State argues that Garland providing information necessary to cash the check does not prove he lacked the intent to commit the crime and that, if he had refused to provide the information, the store would not have cashed the check.

The evidence and reasonable inferences most favorable to the conviction reveal that Garland presented a check to the manager at the liquor store and indicated that it was for work he had done. The dental office administrator testified that Garland had never worked for the practice. The evidence established that the check was not similar to the

5

dental practice's checks and was not authorized by the dentist or the dental practice as purported. Garland's arguments on appeal invite us to reweigh the evidence presented at trial, which we cannot do. See Jordan, 656 N.E.2d at 817. Based upon our review of the evidence as set forth in the record and above, we conclude that sufficient evidence exists from which the jury could conclude that Garland acted with an intent to defraud and find Garland guilty beyond a reasonable doubt of forgery as a class C felony. See Williams v. State, 892 N.E.2d 666, 672 (Ind. Ct. App. 2008) (noting that on appeal we cannot reweigh the evidence and that the defendant failed to rebut the State's evidence that the defendant intended to defraud a bank when she presented a teller with a forged check, and affirming the defendant's conviction for forgery as a class C felony), trans. denied.

## CONCLUSION

For the foregoing reasons, we affirm Garland's conviction for forgery as a class C felony.

Affirmed.

BARNES, J., and BRADFORD, J., concur.