# FOR PUBLICATION



**FILED**

Jun 22 2012, 9:03 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**PETER D. TODD**
Elkhart, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

RAFAEL BOCANEGRA,                    )
                                     )
    Appellant-Defendant,             )
                                     )
      vs.                          )     No. 20A03-1108-CR-361
                                     )
STATE OF INDIANA,                    )
                                     )
    Appellee-Plaintiff.              )

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable Charles C. Wicks, Judge
Cause No. 20D05-1103-FC-9

**June 22, 2012**

**OPINION - FOR PUBLICATION**

**MAY, Judge**

Rafael Bocanegra appeals his conviction of forgery, a Class C felony.[1] Bocanegra argues the State did not prove his intent to defraud. We affirm and remand.

## FACTS AND PROCEDURAL HISTORY

Bocanegra applied for a job with Keystone RV Company ("Keystone") in Goshen, Indiana. On the application, he listed his name as "John Giron" and provided a Social Security number ("SSN"). (State's Exhibit 1.) He listed "Gonzalo Bocanegra" as an emergency contact person. (*Id*.) Bocanegra submitted with his application a Social Security card bearing the name John Giron and an identification card purportedly issued by the State of Ohio that bore the name John Giron. Keystone hired Bocanegra.

John Giron, a resident of Cicero, Illinois, received a letter from the Internal Revenue Service accusing him of failing to report income from Keystone. Giron filed a police report in Goshen and an investigation revealed Bocanegra had used Giron's name and SSN on Keystone's job application and on the Social Security card he provided to Keystone. Bocanegra admitted to the police that he was not Giron. He said a neighbor had given him a Social Security card and an identification card so he could get a job with Keystone.

The State charged Bocanegra with forgery, a Class C felony, and identity deception, a Class D felony, Ind. Code § 35-43-5-3.5 (2009). A jury found him guilty, and the trial court sentenced him only on the forgery conviction.[2]

---

[1] Ind. Code § 35-43-5-2(b).

[2] The court found the identity deception conviction "would merge for sentencing purposes." (Tr. at 294.) The court should have vacated the identity deception conviction, and we remand for that purpose. *See Clark v. State*, 752 N.E.2d 209, 210 (Ind. Ct. App. 2001), *trans. denied*.

**DISCUSSION AND DECISION**

When an appellant challenges the sufficiency of evidence supporting a conviction, we do not reweigh the evidence or judge the credibility of the witnesses. *Joslyn v. State*, 942 N.E.2d 809, 811 (Ind. 2011). We consider only the probative evidence and reasonable inferences drawn from the evidence that support the verdict. *Id.* We will affirm if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. *Id.*

To convict Bocanegra of forgery, the State was required to prove beyond a reasonable doubt that (1) Bocanegra, (2) with intent to defraud, (3) made, uttered, or possessed a written instrument in such a manner that it purported to have been made (a) by another person (b) at another time (c) with different provisions or (d) by authority of one who did not give authority. Ind. Code § 35-43-5-2.

Proof of intent to defraud requires a showing the defendant demonstrated "intent to deceive and thereby work a reliance *and injury*." *Wendling v. State*, 465 N.E.2d 169, 170 (Ind. 1984) (emphasis added). Actual injury is not required; potential injury is enough. *See Diallo v. State*, 928 N.E.2d 250, 252 (Ind. Ct. App. 2010) ("[T]here must be a *potential* benefit to the maker or *potential* injury to the defrauded party") (quoting *Jacobs v. State,* 640 N.E.2d 61, 65 (Ind. Ct. App. 1994) (emphasis added).

In *Lohmiller v. State*, 884 N.E.2d 903 (Ind. Ct. App. 2008), we addressed whether Lohmiller had intent to defraud. Lohmiller was licensed to practice as a nurse in Georgia. She moved to Indiana but did not acquire an Indiana nursing license. Lohmiller

began working at the Carroll County Health Department and was promoted to a position that required her to have an Indiana license. She signed her name as "Rebecca Lohmiller RN, MSN" on at least twenty-seven occasions. Lohmiller had received a job description for her position, which indicated the employee must be a graduate of an accredited school of nursing and licensed in Indiana.

The Vital Records Clerk for the health department asked for a copy of her Indiana nursing license when Lohmiller was hired and on occasion throughout her employment. Lohmiller said her license was in a bank safety deposit box. After the department was unable to find a record of the license in the State's records, Lohmiller was again asked for confirmation and she provided alternate names. Finally, after providing excuses for four years, Lohmiller confessed to the department that she was not a licensed nurse in Indiana. The State charged Lohmiller with forgery and practicing nursing without a license.

We found the State had proven her intent to defraud:

> In sum, the evidence presented at trial shows Lohmiller's elaborate scheme to pass herself off as a nurse registered in Indiana. After knowingly accepting a job that required the employee to be a nurse registered in Indiana, Lohmiller lied about her qualifications for four years. While in that position, she signed at least twenty-seven documents in which she held herself out to be an Indiana-licensed nurse. This evidence is sufficient to show that Lohmiller knowingly or intentionally made or uttered a written instrument in such a manner that it purports to have been made by authority of one who did not give authority.

*Id*. at 909. [3]

---

[3] The State asserts "[a] company's reliance on a defendant's claims to have proper credentials for employment is sufficient evidence of intent to defraud." (Br. of Appellee at 7), citing *Lohmiller*, 884 N.E.2d at 908-09. There is no such statement in *Lohmiller*, and we decline the State's invitation to hold someone else's *reliance* on a defendant's words or acts, without more, proves the defendant spoke or acted with criminal intent.

4

The case before us is similar. The jury heard Bocanegra did not have the documents he needed to work legally in the United States and he used someone else's documents, and it could reasonably have inferred Keystone was subject to potential penalties for hiring a person who was not legally permitted to work. There was sufficient evidence, in the form of potential injury to his employer, of his intent to defraud.

Bocanegra's offense took place in 2010, and he argues a showing of actual injury to the defrauded party is now required. He correctly notes the statute in place at the time of an alleged criminal act controls the prosecution of an offense and the punishment therefor. *Collins v. State*, 911 N.E.2d 700, 708 (Ind. Ct. App. 2009), *trans. denied*. On July 1, 2005, an amendment to Ind. Code § 35-43-5-2, the statute under which Bocanegra was charged with forgery, took effect. It created and defined the crime of counterfeiting, a Class D felony. 2005 Ind. Acts 1448.

Bocanegra argues the 2005 amendment evidences legislative intent to distinguish forgery as a Class C felony from the newer offense of counterfeiting. With the passage of the 2005 amendment, he argues, we had in place two different offenses, a greater and a lesser crime. In the lesser offense of counterfeiting, there need not be intent to defraud. Ind. Code § 35-43-5-2(a).

Bocanegra argues the sole purpose for the creation of the offense of counterfeiting was to permit prosecution when the State cannot prove intent to defraud, as until the statutory amendment in 2005, there was no crime of which to convict a defendant who intentionally deceived a victim and benefitted from such deception yet caused no harm.

5

Bocanegra received a benefit from his deception; he obtained employment for which he was paid. But he claims the State did not prove Keystone sustained any actual injury, as Keystone received the labor from Bocanegra for which it bargained.[4] The State did not charge Bocanegra with counterfeiting, and the jury was not instructed as to that offense.

We find persuasive the reasoning underlying Bocanegra's argument, but we must decline to disregard those Indiana decisions after the passage of the counterfeiting statute in 2005 that indicate actual injury still need not be proven in order to convict of forgery. Panels of this court have continued after 2005 to recognize, at least in *dicta*, that potential injury is enough to prove intent to defraud for forgery purposes.[5]  *See*, *e.g.*, *Diallo v. State*, 928 N.E.2d 250, 252-53 (Ind. Ct. App. 2010):[6]

> "An intent to defraud involves an intent to deceive and thereby work a reliance and an injury." *Williams v. State,* 892 N.E.2d 666, 671 (Ind. Ct. App. 2008) (citing *Wendling v. State,* 465 N.E.2d 169, 170 (Ind. 1984)). "[T]here must be a potential benefit to the maker *or potential injury* to the defrauded party." *Jacobs* [*v.State*, 640 N.E.2d 61, 65 (Ind. Ct. App. 1994)]. Because intent is a mental state, the fact-finder often must "resort to the reasonable inferences based upon an examination of the surrounding circumstances to determine" whether -- from the person's conduct and the natural consequences therefrom -- there is a showing or inference of the

---

[4]  The State does not argue there was injury to any entity other than Keystone.

[5]  We acknowledge all rely on pre-2005 decisions, and none explicitly considered the effect of the counterfeiting statute.

[6]  The other decisions are unpublished:  *Arline v. State*, 959 N.E.2d 402 (Ind. Ct. App. 2011), *Jones v. State*, 957 N.E.2d 214 (Ind. Ct. App. 2011), and *Stewart v. State*, 873 N.E.2d 1144 (Ind. Ct. App. 2007), *trans. denied*.  The finding of intent to defraud in *Arline* appears to be based on benefit to Arline rather than injury, potential or otherwise, to anyone.  In *Jones*, the basis for the finding of intent to defraud is less clear, as both benefit and injury were discussed.  But Jones was convicted of theft from the same victim based on the same forgery, suggesting there was actual injury.  The *Stewart* panel was also less than explicit, but the facts of that case indicate both the benefit and the injury were only "potential."  Stewart presented counterfeit Postal Service money orders on several occasions, but it does not appear any were accepted.

requisite criminal intent. *M.Q.M. v. State,* 840 N.E.2d 441, 446 (Ind. Ct. App. 2006).

(Emphasis added.)

A post-2005 disciplinary order, *In re Sniadecki*, 924 N.E.2d 109, 118 (Ind. 2010), suggests our Indiana Supreme Court still believes potential injury is enough. Sniadecki falsified documents, and directed his staff to create false documents, in order to obtain a loan so he could repay a client to whom he owed money. The finding Sniadecki had intent to defraud and committed forgery appears premised on injury that was only potential. The lender ultimately withdrew funding on May 19, 2008, because of an anonymous phone call suggesting there were falsehoods in the documentation. Sniadecki ultimately obtained a loan from a relative of his wife, and he paid his client the amount due on the promissory note.

Though there apparently was no actual injury, our Supreme Court found "[b]y the actions described above, Respondent committed forgery, *see* Indiana Code § 35–43–5–2," and violated Professional Conduct Rules prohibiting committing a criminal act, *i.e.*, forgery, that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer. 924 N.E.2d at 118-19. *And see In re Rawls*, 936 N.E.2d 812, 816 (Ind. 2010) (where Rawls "created a fraudulent receipt, criminally forged a client's name on it, and submitted it to the Commission, acting as an agency of this Court, with the intent of deceiving the Commission." Any injury to the Commission appeared to be only "potential.").

We therefore hold potential injury remains a sufficient basis for a finding of criminal intent in a forgery prosecution. As the jury could have reasonably inferred Bocanegra's misrepresentations subjected his employer to potential injury, we affirm his conviction of forgery and remand for vacation of the identity deception conviction.

Affirmed and remanded.

BROWN, J., concurs.

SULLIVAN, Sr.J., dissents with separate opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

RAFAEL BOCANEGRA, )
)
    Appellant-Defendant, )
)
        vs. )    No. 20A03-1108-CR-361
)
STATE OF INDIANA, )
)
    Appellee-Plaintiff. )

**SULLIVAN, Senior Judge, dissenting.**

I respectfully dissent from the majority opinion, which affirms the conviction for forgery, a Class C felony. Ind. Code § 35-43-5-2(b) (2006).

Proof of intent to defraud requires a showing that the defendant demonstrated "intent to deceive and thereby work a reliance <u>and</u> <u>injury</u>." <u>Wendling v. State</u>, 465 N.E.2d 169, 170 (Ind. 1984) (emphasis added); <u>see</u> <u>also</u> <u>Diallo v. State</u>, 928 N.E.2d 250, 252 (Ind. Ct. App. 2010). With regard to proof of the basic requirement of an intent to deceive, the majority opinion relies heavily on <u>Lohmiller v. State</u>, 884 N.E.2d 903 (Ind. Ct. App. 2008), in which a panel of this Court concluded that the evidence was sufficient to sustain a conviction for forgery. <u>Lohmiller</u> is not controlling here, but it serves to illustrate an important point regarding Indiana Code section 35-43-5-2.

9

It is clear that the statute in place at the time of the alleged criminal act or acts is the statute which controls the prosecution of an offense and the punishment therefor. See Collins v. State, 911 N.E.2d 700, 708 (Ind. Ct. App. 2009) ("The law [that] is in effect at the time that the crime was committed is controlling."), trans. denied. Lohmiller involved acts by the defendant which occurred on or before June 29, 2004. On July 1, 2005, an amendment to Indiana Code section 35-43-5-2 took effect, creating and defining the crime of counterfeiting, a Class D felony. 2005 Ind. Acts 1448. Thus, at the time of Lohmiller's offenses, the provision of Indiana Code section 35-43-5-2 creating and defining the crime of counterfeiting was not yet in effect, having been enacted and effective as of July 1, 2005. Lohmiller could not have been validly charged with or convicted of counterfeiting. That is not the case with the matter before us.

Here, Bocanegra convincingly argues that the 2005 statutory amendment evidences a clear intent to draw a line of demarcation between what was then the only offense, i.e., forgery as a Class C felony, and the lesser offense of counterfeiting. With the passage of the 2005 amendment, we then had in place two different offenses, a greater and a lesser crime. In the lesser offense of counterfeiting, there need not be an intent to defraud. Ind. Code § 35-43-5-2(a). I conclude that Bocanegra's argument is correct as to the current state of the law.

Lohmiller addresses a finding of intent to defraud under the forgery provision of the statute. Until the statutory amendment in 2005, there was no crime of which to convict a defendant who intentionally deceived the "victim" and benefitted from such deception but caused no harm.

10

Here, Bocanegra certainly received a benefit from his deception in that he obtained employment for which he was paid. But even though Keystone relied upon the information provided by Bocanegra and hired him, I do not discern any injury sustained by Keystone. Keystone received the labor from Bocanegra for which it bargained.

Thus, even if we hold the forgery provision of the statute in play without regard to the applicable existence of the lesser offense of counterfeiting and apply the Lohmiller rationale to this evidence, a fatal omission is present.[7] To obtain a forgery conviction the State must prove harm to the entity deceived. Here, that entity is the employer, Keystone. It is not relevant to prove that a third party, such as an unsuccessful applicant for the position filled by Bocanegra, was harmed. Under the facts of our case, it is clear that there was no intent to deceive any entity other than Keystone.

The evidence demonstrates that Keystone relied upon Bocanegra's deception in hiring him. The fact remains, however, that Bocanegra performed the work for which he was hired and paid. I discern no legally cognizable harm to Keystone from that. One might deduce that by hiring Bocanegra, Keystone was incurring a prospective or possible inquiry and sanctions for hiring an illegal alien. See Jacobs v. State, 640 N.E.2d 61, 65 (Ind. Ct. App. 1994) (stating that potential injury is sufficient to prove intent to defraud), trans. denied; Lewis v. State, 169 Ind. App. 172, 346 N.E.2d 754, 759 (1976) (holding that proof of actual harm from the fraudulent act is "immaterial"). Nevertheless, such speculative "harm" does not meet the requirement for proof of a legal harm or injury.

---

[7] The State did not charge Bocanegra with counterfeiting, and the jury was not instructed as to that offense.

11

The word "potential" is defined as "capable of coming into being; possible." Black's Law Dictionary 1206 (8th ed. 1999). This Court has said that a determination of factual issues "depend[s] upon probability NOT possibility or certainty." Beaman v. Hedrick, 146 Ind. App. 404, 255 N.E.2d 828, 832 (1970) (emphasis in original). Thus, a mere "possibility" is not an adequate test for an act that allows conviction for a crime calling for a significant term of imprisonment. Accordingly, I would decline to follow those cases which suggest that a potential harm is of itself sufficient to support a forgery conviction as it is defined under the Indiana statute.

I conclude that there is insufficient proof of an injury to Keystone because it received the benefit of Bocanegra's work regardless of his legal status, without any negative consequences set forth in the record. In my opinion, Bocanegra's conviction is not sustained by the evidence.

For the reasons stated above, I would reverse Bocanegra's conviction for forgery.[8]

---

[8] However, I do not agree with the majority, as stated in footnote 2, that under the circumstances the identity deception conviction must be vacated. I would leave in place the identity deception conviction. I would do so in light of my view that the forgery conviction should be reversed.