**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 07 2013, 9:28 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**KEVIN WILD**
Indianapolis, Indiana

**RUTH JOHNSON**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JAMIE MASTERSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1206-CR-485 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT, CRIMINAL DIVISION 24
The Honorable Teresa A. Hall, Commissioner
Cause No. 49F24-1107-FD-47189

February 7, 2013

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

In this case, Jamie Masterson challenges the sufficiency of the evidence supporting her class D felony conviction for Identity Deception.[1] More particularly, Masterson contends that there was insufficient evidence that she intended to harm or defraud her sister when she gave her sister's name following a vehicle accident for which she was not at fault.

Insofar as Masterson used her sister's identity to escape criminal charges for driving without a license without regard to the likelihood of harm that her sister could potentially suffer as a result of her name being used in connection with the accident, we find sufficient evidence and affirm the judgment of the trial court.

## FACTS

On May 8, 2011, Masterson was driving a vehicle registered to her grandmother, Betty Watkins, when another vehicle struck her from behind, causing her to strike the vehicle in front of her. Officer Jeremy Gray, an officer with the Indianapolis Metropolitan Police Department (IMPD), responded to the accident scene. As part of his investigation, Officer Gray asked each driver for identification. Masterson, whose license had been suspended since at least 2005, told Officer Gray that she had forgotten her identification and instead provided him with the name, date of birth, and address of her younger sister, Danielle Shrum.

Masterson told her sister and grandmother about the accident a few days afterward, but she did not tell either of them that she had identified herself as Shrum.

---

[1] Ind. Code § 35-43-5-3.5(a).

Approximately one-and-one-half months after the accident, Shrum received a notification from the Indiana Bureau of Motor Vehicles (BMV) stating that it had received notice that Shrum had been involved in an accident on May 8, 2011, and requesting "evidence of financial responsibility for the motor vehicle involved" by July 30, 2011. Ex. 5. The BMV notification advised Shrum that if she did not provide said notice, the BMV would suspend her license. When Shrum was unable to produce any proof of financial responsibility for the vehicle involved in the accident, her license was suspended.

Shrum then reported to the IMPD that Masterson, not she, had been involved in the accident. Shrum believed Masterson had used her name in connection with the accident because Masterson had previously used her name in connection with another accident within the previous year.[2] Shrum had not given Masterson her permission to use her name or identifying information at any time.

Detective Glen Schmidt with the IMPD was assigned to investigate Masterson's use of Shrum's identity. At Detective Schmidt's request, Officer Gray participated in a photo array lineup and identified Masterson from the lineup as the person who had been driving the second vehicle in the accident on May 8, 2011. After confirming that Watkins was in fact the registered owner of the vehicle and that Masterson was the primary driver of the vehicle, Detective Schmidt contacted Masterson and asked that she come in to the police station to make a statement. Masterson agreed, and she admitted to

---

[2] In October 2010, Masterson was in a vehicle accident in Johnson County. Masterson also provided her sister's name and identifying information in connection with that accident. She was found guilty of false informing. Shrum's license was not suspended as a result of that accident.

3

being the driver of the vehicle involved in the accident on May 8, 2011. However, Masterson did not admit to providing Officer Gray with false information at the scene of the accident. Rather, she stated only that "she could have agreed with the officer that her name was Danielle." Tr. p. 38.

Detective Schmidt then placed Masterson under arrest, and she was charged with class D felony identity deception. More particularly, the State alleged that Masterson "did, with intent to harm or defraud Danielle Shrum, knowingly possess, transfer, or use identifying information, that is: Name/DOB/Address, of Danielle Shrum, without . . . his/her consent."

A bench trial was held on March 27, 2012. At the trial, Shrum testified that her license had been suspended for approximately seven months as a result of Masterson using her name in connection with the accident, but her own insurance company had never been contacted. However, Shrum also testified that Masterson had told her several months after the accident "that it wasn't that she wanted to hurt [Shrum] or anything like that" and that "it wasn't intentional to hurt [her] or whatever but you know." Tr. p. 29-30. Finally, Shrum testified that Masterson "does freak out and do things before she thinks [but that she didn't believe Masterson] was out to get [her]." Id. at 30.

Watkins, Masterson's grandmother and the registered owner of the vehicle, also testified and stated that she had to provide proof of insurance at the time that she purchased the vehicle with Masterson. She further stated that a claim had been filed against her insurance after the accident and that she was actually being sued as a result.

4

After the State's case-in-chief, the defense moved to dismiss the charges under Indiana Trial Rule 41(B), claiming that the State had failed to prove that Masterson had used Shrum's identity with the specific intent to harm or defraud her. However, the trial court denied the motion, stating that because Masterson had previously possessed a valid license, she knew she was required to have insurance on her vehicle and that there was a likelihood of there being an insurance claim or other expenses that could be suffered by Shrum as a result of the accident. The trial court further found that the fact that Masterson failed to tell her sister about the use of her name until months later when Shrum received the notice from the BMV also showed that Masterson intended to harm or defraud Shrum.

After the close of evidence, the court commented that Masterson "threw her sister under the bus" by providing Shrum's information in connection with the accident "so that way if there is anything that's going to come out of this accident it's not going to come to her. It's going to be pinned on her sister." Tr. p. 60. Accordingly, the trial court found Masterson guilty as charged. Masterson now appeals.

DISCUSSION AND DECISION

On appeal, Masterson's sole contention is that the State failed to prove beyond a reasonable doubt that she intended to harm or defraud her sister when she used her name in connection with the accident on May 8, 2011. Masterson claims that because she was rear-ended, she thought that Shrum would suffer no consequences as a result of the

5

accident and that essentially there would be "no harm, no foul" resulting from her actions.

When an appellant challenges the sufficiency of evidence supporting a conviction, we neither reweigh the evidence nor assess the credibility of the witnesses. Bocanegra v. State, 969 N.E.2d 1026, 1028 (Ind. Ct. App. 2012). We consider only the probative evidence and reasonable inferences supporting the verdict, and we will affirm if, based on this evidence, a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. Id.

At the outset, we note that a trier of fact must often resort to circumstantial evidence and inferences when determining whether specific intent existed for a particular crime. Davis v. State, 635 N.E.2d 1117, 1120 (Ind. Ct. App. 1994). Moreover, the State was not required to prove that Masterson knew for certain that Shrum would be harmed by the use of her name in connection with the accident. Rather, the State only needed to prove that Masterson knew that Shrum could have been subject to potential injury when she used her name. See Bocanegra, 969 N.E.2d at 1029 (finding sufficient evidence that the defendant intended to defraud his employer by providing a false identity when a jury could have reasonably inferred that his employer may have been subject to potential penalties for hiring someone who was not legally permitted to work).

Here, evidence was presented at Masterson's trial that at the scene of the accident, Masterson provided her sister's name, date of birth, and address to the investigating officer so that she could avoid being arrested for driving without a license. Tr. p. 11.

6

Moreover, although Masterson told her sister about the accident within a few days, she neglected to tell her sister that she used her information in connection with the accident until her sister received a notice from the BMV threatening to suspend her license more than a month later. Id. at 23, 53. And when Masterson was brought in for questioning, she was evasive about whether or not she had provided Officer Gray with false information, admitting only that she had been driving the vehicle in question and that she may have agreed with Officer Gray that her name was Danielle. Id. at 36-38.

Based on the totality of the evidence, it was reasonable for the trial court to infer that Masterson, as someone who had previously been a licensed driver and had been involved in at least one accident before this one, likely knew that drivers are often required to provide proof of insurance after an accident. Furthermore, it was reasonable for the trial court to surmise that Masterson knew that Shrum, who was not the registered owner of the vehicle, would not be able to provide proof of financial responsibility in connection with that vehicle. And although Masterson claims that the ultimate suspension of Shrum's license was Shrum's own fault and that it was not reasonably foreseeable that this harm would occur, this is simply a request that this Court reweigh the evidence, which we may not do. Accordingly, the evidence was sufficient to sustain Masterson's conviction, and we affirm the judgment of the trial court.

The judgment of the trial court is affirmed.

RILEY, J., and BARNES, J., concur.

7