**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**MICHAEL R. FISHER**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| ERICA BATTLE, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 49A02-1211-CR-924 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE MARION SUPERIO COURT
The Honorable Robert R. Altice, Jr., Judge
The Honorable Amy J. Barbar, Magistrate
Cause No. 49G02-1203-FC-20453

**June 19, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Erica Battle ("Battle") was convicted of three counts of Forgery, as Class C felonies.[1] She now appeals, raising one issue for our review: whether there was sufficient evidence to support her convictions.

We affirm in part, reverse in part, and remand.

**Facts and Procedural History**

Battle applied for employment with the Indiana Department of Insurance ("IDOI") as an administrative assistant in the Medical Malpractice Division. On December 22, 2011, Battle was interviewed for the position and was considered a strong candidate for the job; she was therefore asked to consent to a background check to be performed by the State Personnel Department ("SPD"). Battle represented on her application form that she did not have a criminal history, and during the interview Battle was informed that a background check would be required. Battle mentioned that she had been the victim of identity theft and that criminal convictions had been incorrectly entered against her as a result, and that she had paperwork that would establish the veracity of her claims.

The SPD background check ultimately revealed prior criminal convictions, as a result of which Battle was disqualified from the administrative assistant position.

On January 9, 2012, Battle appeared at the IDOI's reception area and told the receptionist that she had been hired and was appearing for her first day of work. The receptionist contacted Barbara Lohman ("Lohman"), Chief Financial Officer for the IDOI,

---

[1] Ind. Code § 35-43-5-2(b).

who received paperwork from Battle that, Battle claimed, showed that the convictions identified by the background check were entered in error. The papers Battle presented were styled as motions filed by Marion County deputy prosecutors to dismiss criminal charges against her, with signatures from Marion County Superior Court judges purporting to dismiss the charges. On accompanying documents, the reason provided for the motions to dismiss was listed as "identity theft."

Lohman provided the papers to Nancy Tunget ("Tunget"), a human resources director for the IDOI, who in turn provided them to the Commissioner of Insurance, Stephen Robertson ("Robertson"). Robertson in turn provided the documents to an attorney with the IDOI with instructions to give the documents to the IDOI's investigator, Michael Herndon ("Herndon"). Seeking to verify the authenticity of the motions, Herndon provided copies of the documents to the Marion County Prosecutor's Office. After an investigation, it was determined that the documents Battle presented to Lohman were not authentic.

On March 27, 2012, Battle was charged with three counts of Forgery. A bench trial was conducted on August 8, 2012, at the conclusion of which the trial court found Battle guilty of each charged offense. On October 24, 2012, a sentencing hearing was conducted, at the conclusion of which Battle was sentenced to three concurrent terms of five years imprisonment, with all three sentences suspended to probation.

This appeal ensued.

**Discussion and Decision**

Battle's sole argument on appeal contends that the State did not introduce sufficient

3

evidence to sustain her conviction. Our standard of review in such cases is well-settled:

> This court will not reweigh the evidence or assess the credibility of witnesses. Cox v. State, 774 N.E.2d 1025, 1028 (Ind. Ct. App. 2002). Only the evidence most favorable to the judgment, together with all reasonable inferences that can be drawn therefrom will be considered. Id. If a reasonable trier of fact could have found the defendant guilty based on the probative evidence and reasonable inferences drawn therefrom, then a conviction will be affirmed. Id. at 1028-29.

Sargent v. State, 875 N.E.2d 762, 767 (Ind. Ct. App. 2007).

Here, Battle was convicted of three counts of Forgery, as Class C felonies. To convict Battle of each count of Forgery, the State was required to prove beyond a reasonable doubt that Battle, with intent to defraud, knowingly made or uttered written instruments—each captioned "State's Motion to Dismiss"—in such a manner that the instruments purported to have been made by another person, with different provisions, or by authority of individuals who did not give that authority. I.C. § 35-43-5-2(b); App. at 21-28.

Battle contends that the State failed to prove that she uttered the false motions to dismiss with the intent to defraud required by the statute. "A person engages in conduct 'intentionally' if, when he engages in the conduct, it is his conscious objective to do so." I.C. § 35-41-2-2(a). Intent is a mental function, and absent an admission by the defendant intent "must be determined from a consideration of the defendant's conduct and the natural and usual consequences thereof." Spann v. State, 632 N.E.2d 741, 743 (Ind. Ct. App. 1994) (citing Metzler v. State, 540 N.E.2d 606, 609 (Ind. 1989)). "The trier of fact usually must resort to 'reasonable inferences based upon an examination of the surrounding circumstances to determine whether, from the person's conduct and the natural consequences that might be

expected from that conduct, a showing or inference [of] the intent to commit that conduct exists.'" Id. (quoting Metzler, 540 N.E.2d at 609.)

As this Court has previously observed, "'[t]here must be a potential benefit to the maker or potential injury to the defrauded party.'" Diallo v. State, 928 N.E.2d 250, 253 (Ind. Ct. App. 2010) (quoting Jacobs v. State, 640 N.E.2d 61, 65 (Ind. Ct. App. 1994)). Interpreting the requirement of intent to defraud, in Eifler v. State, 570 N.E.2d 70 (Ind. Ct. App. 1991), we looked to our supreme court's interpretation of the theft statute and observed, "'[w]hen the natural and usual consequences of the conduct charged and proved are not such as would effect the wrong which the statute seeks to prevent, the intent to effect that wrong is not inferable.'" Id. at 77 (quoting State v. McGraw, 480 N.E.2d 552, 554 (Ind. 1985)). Thus, we held that even if an instrument is fraudulently made, there was insufficient evidence of intent to defraud requisite for a conviction for forgery where the allegedly forged instrument would not cause reliance resulting in the granting of a benefit for which the defendant was not entitled (in Eifler, municipal sewer tap-in rates specified by a local ordinance). Id. at 77-78.

In support of her argument that she lacked the requisite intent for conviction for Forgery, Battle directs our attention to a decision by another panel of this Court, Bocanegra v. State, 969 N.E.2d 1026 (Ind. Ct. App. 2012), trans. denied. In Bocanegra, the defendant was in the United States illegally and used another person's identity to obtain employment. Id. at 1027. Addressing the requirements for proving intent to defraud as required by the Forgery statute at issue here, the Bocanegra Court held that intent to defraud requires intent

5

to deceive resulting in reliance and a resultant injury. Id. at 1029-30. The Court went on to conclude that the resultant injury need not be actual, but may instead be potential. Id. at 1030 (citing, inter alia, In re Sniadecki, 924 N.E.2d 109, 118 (Ind. 2010); Jacobs, 640 N.E.2d at 65).

In the Bocanegra case, the potential injury arose from Bocanegra's immigration status subjecting his employer to potential penalties associated with "hiring a person who was not legally permitted to work." Id. at 1029. Here, Battle contends that her circumstances fall outside the scope of even the potential injury this Court concluded in Bocanegra was required to convict a defendant of Forgery. Specifically, Battle contends that there was no evidence that she had any intent other than to obtain employment, and that her submission of the falsified documents to the IDOI posed no potential injury.

We disagree. Here, Battle submitted falsified court documents in order to obtain employment in a position with the IDOI. As early as her December 22, 2011 job interview, Battle was aware that a background check could be conducted by the IDOI or another State agency on IDOI's behalf, and offered to provide documentation that would establish the erroneous nature of the criminal record results of a background check. That is, Battle submitted the fictitious motions to dismiss in order to cause the State to rely upon those documents, and not the results of the background check, in making a hiring decision. Among the natural and probable results of this would be the hiring of Battle into a position for which she was not qualified—that is, the fraudulent motions would cause Battle to accrue a benefit to which she was not entitled. See Eifler, 570 N.E.2d at 77.

6

Moreover, if Battle were hired on the basis of falsified records, among the natural consequences of Battle's uttering of the forged motions was that those records could remain in the State's personnel systems and form the basis for retention and promotion decisions. Looking to the rulings of our sister states with respect to the intent to defraud element of the offense of forgery, we think this result sufficient to support the trial court's guilty finding in Battle's case. See, e.g., Arizona v. Thompson, 981 P.2d 595, 598 (Ariz. Ct. App. 1999) (finding sufficient evidence to sustain a conviction for forgery and holding that where the defendant's forging of vehicle registrations "intentionally undermined the authenticity and accuracy" of motor vehicle records, the element of intent was met even without evidence of pecuniary harm).

Thus, we agree with the State that there was sufficient evidence upon which the State could obtain a conviction against Battles for Forgery, as charged.

This does not end our analysis, however. For while we conclude there was sufficient evidence to sustain Battle's convictions, we are also required to raise sua sponte the question of double jeopardy "because a double jeopardy violation, if shown, implicates fundamental rights." Smith v. State, 881 N.E.2d 1040, 1047 (Ind. Ct. App. 2008).

The double jeopardy clause of the Indiana Constitution provides that "[n]o person shall be put in jeopardy twice for the same offense." Ind. Const. art. I, § 14. In Richardson v. State, the Indiana Supreme Court held that "two or more offenses are the 'same offense' … if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to convict, the essential elements of one challenged offense also establish the

7

essential elements of another challenged offense." 717 N.E.2d 32, 49 (Ind. 1999) (emphasis in original). In prior cases, both this Court and the Indiana Supreme Court have found double jeopardy violations "where there had been an 'imposition of two sentences for the same injurious consequences sustained by the same victim during a single confrontation violated both Federal and State double jeopardy prohibitions.'" Kocielko v. State, 938 N.E.2d 243, 251 (Ind. Ct. App. 2010) (quoting Bowling v. State, 560 N.E.2d 658, 659 (Ind. 1990)), trans. denied.

Here, Battle was convicted of three counts of forgery, each naming a different document, but all sharing the common intent to defraud the IDOI in order to obtain a single benefit—a job. The three offenses thus share a single victim—the Indiana Department of Insurance—and a single fraudulent intent. The offenses occurred at the same time, in a single transaction, when Battle submitted the three falsified motions to dismiss in order to deceive the IDOI. That is, submission of the three documents for a single purpose at a single time amounted to one act of forgery, and thus it is a violation of double jeopardy principles for Battle to be convicted of three separate offenses of forgery.

We therefore remand with instructions that the trial court vacate two of the three counts of forgery. We affirm the trial court's judgment in all other respects.

Affirmed in part, reversed in part, and remanded.

NAJAM, J., and BARNES, J., concur.