**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**STEVEN E. RIPSTRA**
Ripstra Law Office
Jasper, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana



FILED
Apr 28 2014, 9:29 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BENJAMIN E. FREED, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 63A04-1309-CR-458 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE PIKE CIRCUIT COURT
The Honorable Jeffrey L. Biesterveld, Judge
Cause No. 63C01-1212-FA-575

**April 28, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Judge**

## Case Summary and Issues

Following a jury trial, Benjamin Freed was found guilty of attempted child molesting, a Class A felony, and child molesting, a Class C felony. The trial court entered judgment of conviction on attempted child molesting only and sentenced Freed to forty-five years in the Indiana Department of Correction ("DOC"). Freed appeals, raising two issues for our review: whether the State presented sufficient evidence to support his conviction and whether Freed's sentence is inappropriate. Concluding the State presented sufficient evidence and that the sentence is not inappropriate, we affirm.

## Facts and Procedural History

The facts most favorable to the judgment indicate that Freed and M.T.'s mother, Cami, were engaged and living together along with nine-year old M.T. Cami often left M.T. in Freed's care, and M.T. referred to Freed as "dad." Transcript at 132. On December 9, 2010, Cami left the house to run errands; M.T. was in bed, and Freed was watching television. Upon her return, she saw Freed on top of M.T. in M.T.'s bedroom. M.T. was wearing a shirt and no underwear and was on his stomach on his bed. Freed's forearm was pressed across M.T.s upper back "holding him down." Id. at 112. She did not see either Freed's or M.T.'s genitals or observe any genital contact. Cami yelled out, turned on the lights, and saw Freed pull up his pants. Freed told her that M.T. had wet the bed and he was cleaning up. Cami called her parents and the police and left the house with M.T.

M.T. testified that Freed pulled his underwear off and threw it across the room after M.T. repeatedly tried to pull his underwear up. Freed touched M.T.'s back, his butt, and his "butt hole"—which M.T. defined as "the part of your butt you use to go to the

2

bathroom"—with Freed's penis.  Id. at 164, 166.  M.T. said that Freed had touched his genitals before.

Freed was found guilty of attempted child molesting, a Class A felony, and child molesting, a Class C felony.  The trial court merged the two counts and sentenced Freed to forty-five years in DOC for attempted child molesting.  Freed now appeals his conviction and sentence.

Discussion and Decision

I.  Sufficiency of the Evidence

A.  Standard of Review

In reviewing claims for sufficiency of evidence, we do not reweigh evidence or judge the credibility of the witnesses.  Bocanegra v. State, 969 N.E.2d 1026, 1028 (Ind. Ct. App. 2012), trans. denied.  We consider only the evidence most favorable to the verdict and the reasonable inferences that may be drawn from it.  Id.  We will affirm the conviction if the probative evidence and reasonable inferences could have allowed a reasonable fact finder to find the defendant guilty beyond a reasonable doubt.  Id.

B.  Evidence of Attempted Child Molesting

To prove child molesting as a Class A felony, the State must show that a person over the age of twenty-one knowingly or intentionally performed or submitted to intercourse or deviate sexual conduct with a child under the age of fourteen.  Ind. Code § 35-42-4-3(a)(1); Louallen v. State, 778 N.E.2d 794, 798 (Ind. 2002).  "Deviate sexual conduct" is defined as "an act involving . . . a sex organ of one (1) person and the mouth or anus of another person; or (2) the penetration of the sex organ or anus of a person by an object."  Ind. Code § 35-31.5-2-94.  A person attempts to commit a crime when, acting

3

with culpability required for commission of the crime, he takes a "substantial step" toward commission of the crime. Ind. Code § 35-41-5-1. Mens rea can be established by circumstantial evidence and inferred from the defendant's conduct and the natural and usual sequence to which such conduct reasonably points. C.L.Y. v. State, 816 N.E.2d 894, 905 (Ind. Ct. App. 2004), trans. denied.

Freed was charged with attempting to commit child molesting by deviate sexual conduct when he "[got] into bed with [M.T.] and pull[ed] [M.T.'s] underwear down and rubb[ed] his penis against [M.T.'s] buttocks with intent to satisfy his own sexual desires . . . ."[1] Appellant's Appendix at 22. Freed argues there is insufficient evidence that "either Parties' penis, mouth, anus, or sex organ was involved in the described acts, or [t]hat any attempt was made." Appellant's Brief at 4. We disagree.

The facts of this case are very similar to those in Watkins v. State, 571 N.E.2d 1262 (Ind. Ct. App. 1991), aff'd in relevant part, 575 N.E.2d 624, 625 (Ind. 1991). In that case, we held the victim's testimony that defendant laid on top of him while the child was face down and nude and placed his penis around and against the child's anal area was sufficient evidence to support a conviction for attempting to commit child molesting by deviate sexual conduct. Id. at 1265.

Here, Freed pulled M.T.'s underwear off, held M.T. down with his forearm, and laid on top of him so that his penis touched M.T.'s back, butt, and "butthole." At the very least, the natural and usual sequence to which this conduct points is that Freed intended to penetrate M.T.'s anus with his penis, the very definition of deviate sexual

---

[1] The "with intent to satisfy his own sexual desires" clause of the charging information seems to be surplusage, as the statute under which Freed was charged with attempted child molesting as a Class A felony includes no such element. See Ind. Code § 35-42-4-3(a). It is, however, an element of Class C felony child molesting. See Ind. Code § 35-42-4-3(b).

conduct, and was interrupted by Cami's return to the home. And it may in fact be, given M.T.'s testimony that Freed's penis touched "the part of your butt you use to go to the bathroom," that Freed did penetrate M.T. See Riehle v. State, 823 N.E.2d 287, 293 (Ind. Ct. App. 2005) (holding victim's testimony that defendant "put his peter in her butt," which she in turn explained was "the part of your body where you go poop out of" was sufficient to prove defendant touched his penis to the victim's anus and support a conviction of child molesting as a Class A felony), trans. denied. In either case, a reasonable jury could have found that Freed had attempted to commit child molesting by deviate sexual conduct. Freed's argument that the State failed to prove beyond a reasonable doubt that there was any attempt to perform deviate sexual conduct is merely an invitation for us to reweigh the evidence, which we will not do.

## II. Inappropriate Sentence

### A. Standard of Review

This court has the authority to revise a sentence "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). With regard to the nature of the offense portion of inappropriate sentence review, the advisory sentence is the starting point. Anglemyer v. State, 868 N.E.2d 482, 494 (Ind. 2007), clarified on reh'g, 875 N.E.2d 218 (Ind. 2007). The character of the offender portion of sentence review involves consideration of the aggravating and mitigating circumstances and other general considerations. Clara v. State, 899 N.E.2d 733, 736 (Ind. Ct. App. 2009). Whether a sentence is inappropriate turns on "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to

light in a given case." Cardwell v. State, 895 N.E.2d 1219, 1224 (Ind. 2008). Ultimately, the burden is on the defendant to persuade us that his sentence is inappropriate. Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006). In assessing the nature of the offense and character of the offender, we may look to any factors appearing in the record. Boling v. State, 982 N.E.2d 1055, 1060 (Ind. Ct. App. 2013).

### B. Freed's Forty-Five Year Sentence

The sentence for a Class A felony may range from twenty to fifty years, with an advisory sentence of thirty years. Ind. Code § 35-50-2-4. Freed contends his forty-five year sentence is inappropriate in light of the nature of the offense and of his character.

Regarding the nature of the offense, the record reveals that M.T. had been left in Freed's care at the time of this incident and yet Freed consumed alcohol to excess that night. Freed, as Cami's live-in fiancé, was in a position of trust with and control over M.T. Significantly, M.T. called Freed "dad." M.T. also testified that this was not the first or only time Freed had touched him inappropriately. Turning to Freed's character, he has three prior felony and two prior misdemeanor convictions. He has been placed on probation four times but has only satisfactorily completed probation once. Other relevant circumstances include past use of marijuana and methamphetamine and the continued use of alcohol, including on the night of this incident. Despite being seen laying on top of M.T. while M.T. was partially unclothed, Freed denied any wrong-doing and demonstrated no remorse for the crime.

Although, as Freed notes, his criminal history contains no prior sexual crimes and is thus dissimilar in nature and gravity from the instant crime, his multiple convictions, including two convictions for non-support of a dependent, demonstrate a disregard for the

6

law and an unwillingness to accept responsibility for his actions. Even if the nature of his offense was no more egregious than every incident of child molesting inherently is, his character would not warrant a reduction or revision of his sentence. See Williams v. State, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008) (stating that the appellant must demonstrate that his sentence is inappropriate with respect to both the nature of his offense and the nature of his character). It is Freed's burden to convince this court that his sentence is inappropriate, and after considering the nature of his offense and his character, we cannot say the forty-five year sentence imposed by the trial court is inappropriate.

## Conclusion

The State presented sufficient evidence to support Freed's conviction, and his forty-five year sentence is not inappropriate. We therefore affirm his conviction and sentence.

Affirmed.

RILEY, J., and BRADFORD, J., concur.