## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

08/22/2017, 10:58 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Barbara J. Simmons
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General

Davin Shaw
Law Clerk
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Hiram Bankhead, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff.* | August 22, 2017 <br><br> Court of Appeals Case No. 49A02-1701-CR-88 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Linda E. Brown, Judge <br><br> The Honorable Peggy Hart, Magistrate <br><br> Trial Court Cause No. 49G10-1609-CM-35718 |

**Bradford, Judge.**

# Case Summary

On September 11, 2016, Officer Clayton Portell of the Indianapolis Metropolitan Police Department ("IMPD") pulled over a white Chevrolet Tahoe because he could not read the temporary license plate in the window. After he ran the license plate number, he noticed that the expiration date on the license plate was different from the date shown by the Bureau of Motor Vehicle ("BMV") return. Thinking that the vehicle may be stolen, Officer Portell called for another officer to come to the scene. Officer Portell approached the vehicle, and asked Appellant-Defendant Hiram Bankhead to exit the vehicle. Upon arriving at the scene, the other officer searched the vehicle and discovered a pill bottle containing a Schedule IV controlled substance prescribed to Rita Bankhead in the center console of the vehicle. Officer Portell asked Hiram about the pills, to which Hiram responded that the pills were his mother's and that he had been taking them but was not aware that he could not do so.

Appellee-Plaintiff the State of Indiana ("the State") subsequently charged Hiram with Count 1, Class A misdemeanor possession of a controlled substance and Count 2, Class C misdemeanor displaying an altered interim license plate. Following a bench trial, Hiram was found guilty as charged and was sentenced to 365 days with 361 days suspended for Count 1. Hiram asserts that the State presented insufficient evidence to support the possession charge. Because we disagree, we affirm.

# Facts and Procedural History

[3]     On September 11, 2016, while on patrol, Officer Portell observed a white Chevrolet Tahoe traveling on Washington Street. Officer Portell noticed that there was a temporary license plate "taped up to the right side of the vehicle." Tr. p. 5. However, Officer Portell testified that the way the license plate was placed along with the tint on the window made the plate difficult to read.

[4]     Due to the fact that he could not adequately read the license plate, Officer Portell activated his lights and sirens and initiated a traffic stop. Officer Portell then pulled up behind the vehicle and ran the plate. After running the plate, Officer Portell noticed that the expiration date that he received on his lap top was different from the one that appeared on the plate itself. According to the BMV return, the plate's expiration date was March 11, 2016. However, the license plate itself showed that the plate expired on September 11, 2016. After discovering that the plates were different, and thinking that the vehicle may have been stolen, Officer Portell requested that another officer come to the scene. Officer Portell then approached the vehicle.

[5]     While walking towards the vehicle, Officer Portell noticed Hiram, who was the driver and sole occupant of the vehicle, "moving around a lot." Tr. p. 6. Therefore, for his own safety, Officer Portell asked Hiram to exit the vehicle and to walk to the back of the vehicle. While standing in between his and Hiram's vehicle, Officer Portell noticed that there was a printed out number nine taped over the number three on the expiration date; thus explaining why the expiration date on the license plate differed from the date from the BMV return.

[6] After confronting Hiram about the altered plate, Officer Portell asked him for consent to search the vehicle. Hiram gave consent to search the vehicle and IMPD Officer Dustin Carmack performed the search while Officer Portell remained with Hiram. During his search, Officer Carmack opened the center console of the vehicle and found a pill bottle sitting in plain view. The pill bottle was prescribed to Hiram's mother, Rita Bankhead, and it contained Tramadol Hydrochloride, which is a Schedule IV controlled substance. When questioned about the pills, Hiram admitted that he had been taking his mother's pills for pain in his shoulder and that he was unaware that he could not do so.

[7] Subsequently, the State charged Hiram with Count 1, Class A misdemeanor possession of a controlled substance and Count 2, Class C misdemeanor displaying an altered interim license plate. Following a bench trial, Hiram was found guilty for both charges and was sentenced to 365 days with 361 days suspended for Count 1. Hiram argues on appeal that the State presented insufficient evidence to sustain his conviction for possession of a controlled substance because the State failed to prove that he had exclusive or constructive possession of the contraband. Because we disagree, we affirm.

# Discussion and Decision

[8] Hiram asserts that the State did not provide sufficient evidence to convict him of possession of a controlled substance because they failed to prove that he had knowledge or exclusive or constructive possession of the contraband. When reviewing a sufficiency of the evidence claim, we will neither reweigh the

evidence nor asses the credibility of witnesses. *Bell v. State*, 31 N.E.3d 495, 499 (Ind. 2015). We will only consider the "probative evidence and reasonable inferences drawn from the evidence that support the verdict." *Bocanegra v. State*, 969 N.E.2d 1026, 1028 (Ind. Ct. App. 2012). If a reasonable trier of fact can find a defendant guilty beyond a reasonable doubt based on the probative evidence and reasonable inferences drawn from the evidence, we will affirm. *Id.* We consider conflicting evidence "most favorably to the trial court's ruling." *Wright v. State*, 828 N.E.2d 904, 906 (Ind. 2005). Moreover, it is "not necessary that the evidence 'overcome every reasonable hypothesis of innocence.'" *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007) (quoting *Moore v. State*, 652 N.E.2d 53, 55 (Ind. 1995)).

[9] In order to convict Hiram of the charged offense, the State was required to prove that he, "without a valid prescription or order of a practitioner acting in the course of the practitioner's professional practice, knowingly or intentionally possess[ed] a controlled substance (pure or adulterated) classified in schedule I, II, III, or IV." Ind. Code § 35-48-4-7. Hiram contends that the State did not meet its burden to prove beyond a reasonable doubt that he had exclusive or constructive possession of the contraband. Hiram also alleges that because the State could not prove that he had knowledge that the contraband was in the vehicle, it could not be said that he had either the intent or capability to control the contraband. However, given Hiram's exclusive possession of the vehicle at the time of the traffic stop, as well as him admitting to taking the drugs, his suspicious movements during the traffic stop, and the proximity of the

contraband to him, we believe that the State produced sufficient evidence to sustain the possession conviction.

[10] Hiram had exclusive possession of the vehicle because he was the sole occupant and driver of the vehicle at the time of the arrest. *See Whitney v. State*, 726 N.E.2d 823, 827 (Ind. Ct. App. 2000) (court determined that the driver had exclusive possession of the vehicle because he was the driver and sole occupant of the vehicle when he was stopped by the police). "In cases where the accused has exclusive possession of the premises on which the contraband is found, an inference is permitted that he or she knew of the presence of contraband and was capable of controlling it." *Holmes v. State*, 785 N.E.2d 658, 661 (Ind. Ct. App. 2003). Being the sole occupant and driver of the vehicle infers Hiram's exclusive possession over the vehicle and, subsequently, his knowledge that the contraband was in the vehicle. Therefore, the trial court justifiably inferred Hiram's knowledge of as well as his intent to possess the contraband.

[11] Moreover, we believe that the State provided sufficient evidence to establish that Hiram had constructive possession of the contraband. "Constructive possession is established by showing that the defendant has the intent and capability to maintain dominion and control over the contraband." *Id*. at 660. The following circumstances permit the trier of fact to infer intent: a defendant's incriminating statements; a defendant's attempting to leave or making furtive gestures; the location of the contraband in settings suggesting manufacturing; the item's proximity to the defendant; the location of the contraband within the defendant's plain view; and the mingling of contraband

with other items the defendant owns. *Gray v. State*, 957 N.E.2d 171, 175 (Ind. 2011). We believe that the following three circumstances are applicable to this case: Hiram's incriminating statement, Hiram making furtive gestures, and the item's proximity to Hiram.

[12] During trial, Officer Portell testified that Hiram admitted to taking the pills, and that he was unaware that it was illegal to do so. Officer Portell also recalls that after he pulled Hiram over, he could see Hiram moving around in the driver's seat. These movements made Officer Portell concerned for his safety which is why he approached Hiram and asked him to exit his vehicle. Moreover, while Hiram did not have the pill bottle on his person, the pill bottle was found sitting in close proximity to Hiram, in plain view in the center console that was "right next to the driver's seat." Tr. p. 22. Given these facts, we conclude that the State provided sufficient evidence to prove that Hiram had knowledge of the contraband and the intent and capability to possess the contraband to support the possession conviction.

[13] The judgment of the trial court is affirmed.

May, J., and Barnes, J., concur.