## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 11 2018, 6:10 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Barbara J. Simmons
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Terry Baksh, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | June 11, 2018 <br><br> Court of Appeals Case No. <br> 49A04-1711-CR-2591 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Clayton A. Graham, Judge <br><br> Trial Court Cause No. <br> 49G07-1611-CM-44639 |

**Altice, Judge.**

**Case Summary**

[1] Following a bench trial, Terry Baksh was convicted of Class A misdemeanor battery. On appeal, Baksh argues that the State failed to present sufficient evidence to rebut his claim of self-defense.

[2] We affirm.

## Facts & Procedural History

[3] Around 3:00 a.m. on October 4, 2016, Baksh and Cindy Taylor became involved in a verbal argument at Taylor's home. Baksh was the nephew of Taylor's boyfriend, and both were living with Taylor at the time. Taylor accused Baksh of failing to pay rent that he had agreed to pay. The argument ended with no resolution as Baksh merely indicated he might consider moving out, rather than paying Taylor rent. The two went to bed and did not speak until that afternoon when Taylor returned home from work.

[4] Upon returning home, Taylor went upstairs to Baksh's room, where she found him lying on his bed and playing on his cell phone. Taylor recalled their conversation from earlier that morning and asked Baksh whether he had decided to stay or leave. The conversation quickly escalated and became heated. Taylor accused Baksh of lying to her about the intent to pay the rent money, and Baksh became angry. Taylor told Baksh to leave her house, and he began to pack.

[5] While Baksh gathered his belongings, Taylor continued to badger him, calling him a liar. Baksh began to shout and punch his bed and then he got up, moved

towards Taylor, and yelled he was "not a fucking liar" *Transcript Vol. II* at 42. Taylor flinched as Baksh approached her and Baksh hit her in the head with a closed fist. Taylor then attempted to defend herself and fight back but to no avail. Baksh picked her up, slammed her into a bookshelf, threw her against two dressers, and then pinned her against a glass window. As Baksh released his grip, Taylor fell from the window, and curled up in the fetal position. Baksh then placed Taylor in a chokehold.

[6] After Baksh released Taylor from his hold, Taylor told Baksh to leave the house. He proceeded to run across the street to a neighbor's home, while Taylor took pictures of her injuries with her cell phone. She then called the police. Officer Noel Gudat, an officer with the Indianapolis Metropolitan Police Department, observed Taylor had been hit several times on her head and neck, was bleeding substantially, and noted that it was difficult for her to swallow. Taylor continued to suffer pain from her injuries for nearly a month. With Taylor's permission, Officer Gudat entered the house where he observed gashes on the walls, blood stains by the window, and pools of blood on a dresser.

[7] On November 11, 2016, the State charged Baksh with Class A misdemeanor battery resulting in a bodily injury. Following a bench trial on October 17, 2017, Baksh was found guilty as charged. The trial court sentenced Baksh to 365 days in prison with 180 days suspended to probation. Baksh now appeals. Additional facts will be provided as necessary.

## Decision & Discussion

[8] Baksh argues that the State did not present sufficient evidence to rebut his claim of self-defense. "The standard of review for a challenge to the sufficiency of evidence to rebut a claim of self-defense is the same as the standard of any sufficiency of the evidence claim." *Wilson v. State*, 770 N.E.2d 799, 801 (Ind. 2002). We may not reweigh the evidence or judge the credibility of witnesses. *Bocanegra v. State*, 969 N.E.2d 1026, 1028 (Ind. Ct. App. 2012). Where there is sufficient evidence of probative value to support the conclusion of the trier of fact, the trial court's verdict will be affirmed. *Ferrell v. State*, 746 N.E.2d 48, 51 (Ind. 2001).

[9] Ind. Code Section 35-41-3-2(c) provides that " [a] person is justified in using reasonable force against any other person to protect the person or a third party from what the person reasonably believes to be the imminent use of unlawful force." To succeed on a valid self-defense claim, a defendant must show (1) he was in a place that he had a right to be; (2) did not provoke, instigate, or participate willingly in the violence; and (3) had a reasonable fear of death or great bodily harm. *Wilson,* 770 N.E.2d at 800-01; *see also Bryant v. State*, 984 N.E.2d 240, 250 (Ind. Ct. App. 2013), *trans. denied*; *Tharpe v. State*, 955 N.E.2d 836, 844 (Ind. Ct. App. 2011). *trans. denied.* Once a self-defense claim is raised by the defendant, the burden is then placed on the State to disprove the claim beyond a reasonable doubt. *Miller v. State*, 720 N.E.2d 696, 700 (Ind. 1999). The State may accomplish this by rebutting one of the elements directly, by affirmatively showing that the defendant did not act in self-defense, or by

relying on the sufficiency of its evidence in chief. *Hood v. State*, 87 N.E.2d 492, 497 (Ind. Ct. Ap. 2007), *trans. denied*

[10] A person is not justified in using force if he has "entered into combat with another person or is the initial aggressor unless the person withdraws from the encounter and communicates to the other person the intent to do so and the other person nevertheless continues or threatens to continue unlawful action." I.C. Section 35-41-3-2(g)(3).

[11] An "initial aggressor" is one who provokes a fight or who willingly participates in it. *See Bryant v. State*, 984 N.E.2d at 251 ("This evidence reasonably establishes that Bryant provoked the fight, or at least participated willingly in it, which undermines his claim of self-defense."). In *Bryant*, A jail inmate was found to be an initial aggressor after he became involved in an argument with another inmate, challenged him to a fight, and was convicted, despite conflicting evidence as to who tried to hit whom first. *Id.* Additionally, this Court found a defendant was an initial aggressor after a verbal argument escalated into a physical altercation that resulted in the defendant choking and punching the victim. *See Cole v. State,* 28 N.E.3d 1126, 1129-30 (Ind. Ct. App. 2015).

[12] Here, Baksh was the initial aggressor. The verbal dispute between Taylor and Baksh intensified when Baksh punched his bunk bed and aggressively moved towards Taylor while yelling. Given Baksh's hostile actions that occurred immediately before Taylor raised her hands, it is reasonable to infer that

Taylor's actions were not an overt act of aggression, but rather, a reasonable defensive reaction to Baksh's aggressiveness. Baksh was the initial aggressor because his violent and forceful actions caused what had previously been a verbal argument to transform into a physical altercation between Taylor and himself. Baksh instigated the fight with his belligerent actions and additionally, was the first person to make physical contact. Uncontroverted testimony from both Taylor and Baksh established that Baksh struck Taylor multiple times in between her shoulder and head with a closed fist as she attempted to defend herself from his initial attack. Because the State's evidence supports the determination that Baksh was the initial aggressor, Baksh's self-defense claim fails and the evidence at trial was sufficient for his conviction.

[13] Judgement affirmed.

[14] Najam, J. and Robb, J., concur.